OLIVER PENNINGTON, Appellee, v. PACIFIC MUTUAL
LIFE INSURANCE COMPANY, Appellant.

1. **Accident Insurance:** POLICY: CONSTRUCTION. Under an acci-
dent insurance policy providing that the "insurance shall not cover
disappearances, nor injuries of which there is no visible, external
mark upon the body of the insured," a recovery may be had for
injuries visible soon after the accident, and as a consequence of the
injury.

2. ———: ———: ———. A provision in such policy agreeing to pay
the insured a sum named per week "for the immediate, continuous
and total loss of such business time as may result from" his injuries,
*held,* to mean the total loss of the time of the insured in the business
of his particular occupation, and not that he should be disabled from
doing any kind of business.

3. ———: ———: ———: PROOFS OF LOSS: NOTICE TO AGENT. By the
terms of the policy in question any claim thereunder was payable at
the company's office in San Francisco or, at the company's option, at
the general agency through which the policy was issued. The plain-
tiff sent notice of his injuries and proofs of loss to the defendant's
general agent at Chicago, received a number of letters from him in
relation thereto, and at such agent's request went to Chicago where
he was examined by the company's surgeon for the state of Illinois.
*Held,* that the plaintiff had sufficiently complied with the terms of
the policy.

4. **Practice in Supreme Court:** CONSIDERATION OF ERRORS:
RECORD. The materiality of evidence, which the record shows was,
upon the motion of the complaining party, stricken from the record,
will not be considered upon appeal.

*Appeal from Creston Superior Court.*—HON. S. R.
DAVIS, Judge.

MONDAY, MAY 23, 1892.

THE plaintiff is by occupation a locomotive fire-
man. The defendant is a life and accident insurance
company, with its headquarters or principal place of
business at San Francisco, in the state of California.
On the twenty-first day of May, 1889, the defendant

issued to the plaintiff its policy of insurance for the term of one year. The plaintiff claims that on the second day of July, 1889, he was, while in the line of his employment, accidentally injured, so that for thirty weeks thereafter he was entitled to receive from the defendant the sum of ten dollars per week upon said policy, by reason of the disability resulting from said accident. The defendant denied the liability. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*McDill & Sullivan*, for appellant.

*Thos. L. Maxwell* and *Copenheffer & Allen*, for appellee.

ROTHROCK, J.—I. The injury for which the plaintiff sought recovery is stated in his petition in substance as follows: He was a locomotive fireman in the employ of the Chicago, Burlington & Quincy Railway Company, with his residence at the city of Creston, and his run over the railroad was from Ottumwa to Creston. While in the line of his duty on a trip he was violently and accidentally injured by the sudden lurching of the locomotive, "while he was in a strained position, attempting to clean the grates of said locomotive, which was part of the duty of said plaintiff as a fireman;" and that by reason of said accident he was greatly injured in his back, which was so wrenched, bruised, and strained that he was immediately wholly disabled from transacting any and every kind of business in connection with his occupation. The defense interposed by the answer was based upon several grounds. It will not be necessary to set them out in detail, as they are all involved in the points made by counsel in their argument, and will be noticed in the consideration of the case.

It is claimed by counsel for the appellant that the verdict of the jury is contrary to the evidence, and that a new trial should have been ordered on that ground. It is sufficient to say of this objection to the judgment that a careful examination of the evidence has led us to the conclusion that the judgment should not be reversed upon this ground. It is apparent from the line of argument of the appellant's counsel that the cause was resisted in the court below, and is presented to this court, at a cost probably equal to the amount involved in the case, on the ground that the plaintiff's claim is a mere sham and pretense, and without merit. That is a feature of the case which we are precluded from determining, because there is a fair conflict in the evidence on every disputed question of fact in the case.

II. We come now to certain questions which arise on the face of the policy, and the application for insurance upon which the policy was issued.

1. ACCIDENT insurance: policy: construction.

These instruments are so voluminous that it is impracticable to set them out at length in an opinion. It is provided in the application that the "insurance shall not cover disappearances, nor injuries of which there is no visible, external mark upon the body of the insured." It is conceded that there is no evidence that there was any visible mark upon the body of the plaintiff at the very time of the injury. It was a strain, and the immediate effects of the injury would not probably be apparent or visible immediately. The court instructed the jury that it would be sufficient for the plaintiff to show that the injury was visible soon after the accident, and as a consequence of the injury. It is contended that this is an erroneous construction of the contract of insurance, and that there was in fact no evidence that there was any visible mark indicating an injury at any time. We think there was evidence from which the jury

could fairly find that the effects of the strain were visible within a few days after the accident. There is nothing in the clause of the contract above set out which requires that the effects of the accident shall be visible immediately. Such a construction of the contract would defeat all claims for internal injuries not apparent to the eye at once, and would render such a policy in many cases the means of defeating just claims for indemnity. The contract does not contemplate that there must be bruises, contusions, or lacerations on the body, or broken limbs. See *U. S. M. A. Association v. Barry*, 131 U. S. 100, 9 Sup. Ct. Rep. 755. In our opinion, the instruction complained of was correct.

III. Another objection arising on the face of the contract is raised upon the following grounds: The policy provides that, where the accidental injury creates disability, the defendant shall pay to the plaintiff "the sum of ten dollars per week, not exceeding thirty consecutive weeks, for the immediate, continuous, and total loss of such business time as may result from such injuries." The court instructed the jury upon this feature of the case as follows:

"If you believe from the evidence that plaintiff received an injury as claimed by his petition, and that such injury wholly disabled him, and prevented him from following his occupation and performing its duties, and resulted in the total loss of his business time, the defendant will be liable to the payment of a weekly indemnity for the period he was so wholly disabled: provided, you further find from the evidence that the plaintiff promptly notified the defendant of his injury, and in all other respects performed his part of the contract with reasonable diligence."

It is claimed that this instruction is erroneous, because by the terms of the policy the plaintiff was not

entitled to any payment whatever, unless his disability was such that he was unable to do any kind of business. We do not think that the clause of the policy above set out is so broad in its meaning as to defeat a recovery if plaintiff was able to do any kind of business. The whole policy must be examined to determine this question. The plaintiff was insured as a railroad employee engaged in the hazardous business of operating railroad trains. The premium for the insurance was paid by an order on the railroad company. It is recited in the policy that the insured "is by occupation local fireman under classification engineers." The reference to "the loss of such business time" has plain reference to the occupation of the insured, and the loss of time in such business means the loss of time in the business of a fireman. It has no reference to the whole range of business pursuits. The case of *Lyon v. Railway Passengers Assurance Co.*, 46 Iowa, 631, relied upon by the appellant's counsel, is not in point. In that case the obligation was to pay for loss of time while the insured was "totally disabled, and prevented from the transaction of all kinds of business." It will readily be seen that the limitation in the policy in the case at bar is not so comprehensive as in the cited case. It is limited in this case to such business as the plaintiff was engaged in at the time he was injured. It is true that in one of the instructions asked by the defendant the court did charge the jury that the disability must be such as to prevent the plaintiff from all business of every kind. This was in conflict with the instructions given by the court on its own motion. But the conflict worked no predjudice as the instruction asked was more favorable to the defendant than the case demanded, and the jury evidently followed the rule announced in the instructions limiting the policy to the loss of time in the business or occupation of the plaintiff.

IV. Another question presented upon the construction of the written contract is the claim of the appellant that the plaintiff was bound by the contract to give notice and make proofs of loss to the defendant at San Francisco. The basis for this claim is found in the application for insurance, and is as follows: "Any claim made under this policy is payable at the company's office in San Francisco, Cal., or (at the option of the company) at the general agency through which the policy is issued." This is not a requirement that the notice and proofs of loss shall be made at the company's office at San Francisco. The plaintiff transacted this part of the business with one Herrick, the general agent of the defendant at the city of Chicago. The record contains letters written by Herrick to the plaintiff in which he designates himself as general agent of the defendant, and there is nothing in the whole record from which it can be implied that it was necessary to give notice or proofs of loss at any other place. On the contrary, the plaintiff made a trip to Chicago at Herrick's request, and by Herrick's procurement the plaintiff was examined by two surgeons, one of whom testified as a witness that he was the defendant's surgeon for the state of Illinois, and that he made the examination of the plaintiff in that capacity. In view of these facts, it should be conceded that the plaintiff applied at the proper place for an adjustment of his claim, and there was no error in the instructions to the jury on this question, nor in admitting in evidence the correspondence between himself and the company's office at Chicago.

V. There are other questions of minor importance. They relate to alleged errors in the rulings of the court on objections made to the introduction of evidence. One of these is that the plaintiff was permitted, in his examination as a

3. —: —: —: proofs of loss: notice to agent.

4. Practice in supreme court: consideration of errors: record.

witness in rebuttal, to state a conversation had with an attorney in Chicago to whom he was taken by the defendant's agents, in which the attorney called the plaintiff a liar, and stated that lawyers in the west did not have any sense, and that he would bulldoze the plaintiff out of his claim. It is claimed that this evidence should have been excluded. The plaintiff filed an additional abstract, in which it is shown that the defendant moved to exclude the evidence, and the motion was sustained. This abstract is not denied. It therefore appears that this evidence was, by order of the court, withdrawn from the consideration of the jury. We do not determine whether the evidence was material.

V. Another objection is made to the refusal to permit a witness to answer a question propounded by the defendant's counsel. The record shows that the witness was afterwards permitted to answer the identical question without objection. The foregoing discussion disposes of every material question in the case, and leads us to the conclusion that the judgment of the district court should be AFFIRMED.