Hillsborough, }
  June, 1896. }

### THAYER v. STANDARD LIFE AND ACCIDENT INSURANCE CO.

In an action upon a policy insuring against loss of time resulting from bodily injuries which wholly disable the insured from "transacting any and every kind of business" pertaining to his occupation, the insured is not required, as matter of law, to show such mental or physical disability as renders him incapable of giving attention to any part of the business in which he is engaged.

Under a provision that such policy shall cover only those injuries "of which there is a visible mark upon the body," it is sufficient that there was visible evidence of an internal strain within a reasonable time after the injury.

ASSUMPSIT, on an accident insurance policy. Facts found by the court. The policy insured the plaintiff "against loss of time . . . resulting from bodily injuries caused solely . . . by exter-

nal, violent, and accidental means, which shall, independently of all other causes, immediately and wholly disable him from transacting any and every kind of business pertaining to the occupation under which he is insured," and provided that it should not cover " any injury, fatal or otherwise, of which there is no visible mark upon the body." The plaintiff's shoulder was accidentally injured by a fall, causing pain and depriving him of the use of the arm. He was disabled thereby from attending to his business,— that of a shoe dealer,— although he went to his store two or three times a week. The only visible mark of the injury was a discoloration of the arm and shoulder. The court found a verdict for the plaintiff, and the defendants excepted.

*Andrews & Andrews*, for the plaintiff.

*Burnham, Brown & Warren*, for the defendants.

PIKE, J. As long as one is in full possession of his mental faculties, he is capable of transacting some parts of his business, whatever it may be, although he is incapable of physical action. If the words "wholly disable him from transacting any and every kind of business pertaining to the occupation under which he is insured," were to be construed literally, the defendants would be liable in no case unless, by the accident, the insured should lose his life or his reason. *Hooper* v. *Insurance Co.*, 5 H. & N. 546. It is certain that neither party intended such a result. It cannot be said, as a matter of law, that the plaintiff's disability was not sufficient to entitle him to compensation under the terms of the policy.

The "visible mark upon the body" required by the policy need not be a bruise, contusion, laceration, or broken limb; but may be any visible evidence of an internal strain which may appear within a reasonable time after the injury is received. *Pennington* v. *Insurance Co.*, 85 Ia. 468; *Mutual Accident Ass'n* v. *Barry*, 131 U. S. 100; *Freeman* v. *Association*, 156 Mass. 351, 354.

*Exception overruled.*

CLARK, J., did not sit: the others concurred.