[No. 4634.   Decided June 27, 1903.]

KATE HORSFALL, *Respondent,* v. PACIFIC MUTUAL LIFE
INSURANCE COMPANY, *Appellant.*

ACCIDENT INSURANCE — INTERNAL INJURY CAUSED BY LIFTING HEAVY
    WEIGHT.

A violent dilation of the heart, resulting in death, which was
caused by the act of lifting a heavy weight in the course of busi-
ness, falls within the provisions of an accident policy insuring
against effect of bodily injuries caused solely by external, violent,
and accidental means.

SAME — EXTERNAL MARKS.

Where the death of a strong, healthy man resulted from dila-
tion of the heart, caused by lifting a heavy weight, the facts that
immediately after the accident the deceased became deathly pale
and sick, his hands and feet became cold and covered with per-
spiration, and the next day his skin, previously ruddy, became a
bluish gray color and so remained until his death, constitute such
visible, external marks of the injury as to bring the case within
the terms of a policy providing against liability in case no ex-
ternal marks of injury appear.

SAME — NOTICE OF ACCIDENT — REASONABLE TIME — QUESTION FOR
    JURY.

The provision of an insurance policy requiring immediate
notice of an accident to be given to the company ordinarily means
within a reasonable time; and, in an action for death, without any
claim for weekly indemnity, the question of unreasonable delay
was properly one for the jury, where notice was given twelve
days after the death of the insured, which was thirty-seven days
after his injury, under a policy providing for weekly indemnity
and for a principal sum in case of death within ninety days, and
that unless the claimant gives immediate written notice of any
accident, with full particulars, and affirmative proof of death
within ninety days from the time of death, all such claims shall
be forfeited.

Appeal from Superior Court, Pierce County.—Hon.
WILLIAM H. SNELL, Judge.   Affirmed.

*F. R. Baker,* for appellant:

The injury to the insured was not the result of accident within the meaning of the policy. *Feder v. Iowa State Traveling Men's Ass'n,* 78 N. W. 252 (43 L. R. A. 693); *Cobb v. Preferred Mutual Accident Association,* 22 S. E. 976; *Traveler's Ins. Co. v. Selden,* 78 Fed. 285.

The notice given the company in this case was not within such a reasonable time as to satisfy the condition for immediate notice contained in the policy. *Foster v. Fidelity & Casualty Co.,* 40 L. R. A. 833; *Mellen v. Hamilton Fire Ins. Co.,* 17 N. Y. 609; *Trask v. State F. & M. Ins. Co.,* 29 Pa. St. 198; *Railway Passenger Ass. Co. v. Burwell,* 44 Ind. 460; *Edwards v. Lycoming County Mutual Ins. Co.,* 75 Pa. St. 380.

*F. S. Blattner* and *Stiles & Doolittle,* for respondent. ·

The opinion of the court was delivered by

Mount, J.—Action to recover upon an accident insurance policy issued by appellant to John Horsfall during his lifetime. The respondent, Kate Horsfall, is the beneficiary under the policy in case of the death of the insured as the result of an accident covered by the policy. Plaintiff had judgment below, and defendant appeals.

The policy of insurance is in the usual form of accident insurance, and provides, among other things, for a weekly indemnity in case of injury from accident, and for a principal sum of $1,200 to be paid to the wife of the insured in case of the death of the insured within ninety days from the happening of such accident. It also provides that, unless the claimant gives to the company immediate written notice of any accident, with full particulars and affirmative proof of death, within ninety days from the time of the death, all such claims shall be forfeited. It provides further: "This insurance does not

cover  .  .  .  injuries, or death resulting therefrom, of
which injuries there are no visible external marks upon
the body (the body itself not being considered such mark),
produced at the time of and by the accident,  .  .  .  ."
The insured was a man fifty-eight years old at the time of
his death, a blacksmith by occupation, weighed about 175
or 180 pounds, and was a strong, healthy, robust man,
capable of a lift of from 200 to 250 pounds without dif-
ficulty.  On March 24, 1902, while at work in the shop of
the Puget Sound Iron Works at Tacoma, he was called upon
to assist in carrying a bar of iron one and one-half by
four inches thick and about twenty-two feet long, weighing
from 350 to 400 pounds.  This bar of iron was lying on a
pile of round, flat, and square iron close to the wall of the
building, so that Mr. Horsfall was compelled to stand on
top of the pile and reach below his feet in order to pick up
the end of the bar.  Another man had picked up one end
of the bar, and Horsfall, by reason of his position, was at
some disadvantage in picking up his end of the bar.  He,
however, picked up the end of the bar, and carried it to
the anvil, where he laid it down, and immediately com-
plained of being sick.  He turned pale, trembled, grew
cold, perspired profusely, and had to quit work.  He went
home and called a physician, who pronounced the trouble a
violent dilation of the heart, causing hypertrophy, from
which Mr. Horsfall died on April 18, 1902.  Doctors, both
for the plaintiff and for the defendant, testified that, un-
der the circumstances of the lift, the lift itself, in their
opinion, would cause the dilation of the heart.  The ap-
pellant argues but one assignment of error, viz., "in deny-
ing appellant's motion for judgment of nonsuit and dis-
missal at the close of plaintiff's case."  It is urged in sup-
port of this assignment, (1) that the evidence fails to

show that the deceased met with an accident of any kind;
(2) if he did meet with an accident, it was not such an
accident as was covered by the policy; and (3) there was
no immediate notice given as required by the policy of
insurance.

1.   The policy insured the deceased against the effect of
bodily injuries "caused solely by external, violent, and
accidental means."   Death by accident is defined to be
" 'death from any unexpected event, which happens as by
chance, or which does not take place according to the usual
course of things.'   So a sprain of the muscles of the back,
caused by lifting heavy weights in the course of business,
is injury by accident or violence 'occasioned by external or
material causes operating on the person of the insured.' "
2 May, Insurance (4th ed.), § 514; *United States Mutual
Accident Ass'n. v. Barry,* 131 U. S. 100 (9 Sup. Ct. 755);
*North American, etc., Ins. Co. v. Burroughs,* 69 Pa. St. 51
(8 Am. Rep. 212) ; 1 Cyc. 248, and cases cited.

The evidence shows conclusively that the deceased was
a strong and apparently healthy man of fifty-eight years,
who had never been sick, and who was accustomed to lift
from 200 to 250 pounds without difficulty; that immedi-
ately after he had made the lift of one end of the bar
weighing from 350 to 400 pounds, he became sick and
"deathly pale."   His extremities became cold, and cold
perspiration stood out on his face and hands.   The exer-
tion had caused a violent dilation of the heart.   The result
certainly was unexpected.   It did not take place according
to the usual course of things.   If, instead of a sprain of the
muscles of the heart, the deceased had sprained the mus-
cles of his back, or arm, or ankle, it certainly could not
have been reasonably claimed that the result was not due
to accident.   The fact that the heart was dilated or rup-
tured was none the less an accident, according to the usual

acceptation of the term, and according to the definition above given. We think the evidence shows an accident within the meaning of the policy.

2. It is also urged that the injuries causing death left no visible external mark, produced at the time of and by the accident, upon the body of deceased, and therefore the injury was one excepted from the policy. The evidence as stated above shows that immediately after the accident the deceased became deathly pale and sick, his hands and feet became cold, and the perspiration stood out on his face and hands. The next day after the accident his skin, which previously had been ruddy, became a bluish gray color, and remained so until his death. These, we think, were visible external marks, and sufficient to bring the case within the terms of the policy. The rule is stated in 1 Cyc. 252, as follows:

"The external and visible sign or mark required by the proviso that the policy will not cover 'any injury, fatal or otherwise, of which there is no visible mark upon the body,' need not necessarily be a bruise, contusion, laceration, or broken limb; it may be any visible evidence of an internal strain. Nor is it necessary that such evidence be present immediately after the happening of the accident."

*United States Mutual Accident Ass'n v. Barry, supra; Thayer v. Standard, etc., Ins. Co.,* 68 N. H. 577 (41 Atl. 182); *Gale v. Mutual Aid, etc., Assn.,* 66 Hun, 600; *Menneiley v. Employers' Liability Assur. Corp.,* 148 N. Y. 596 (43 N. E. 54, 31 L. R. A. 686, 51 Am. St. Rep. 716); *Pennington v. Pacific Mutual Life Ins. Co.,* 85 Iowa, 468 (52 N. W. 482, 39 Am. St. Rep. 306); *Whitehouse v. Travelers' Ins. Co.,* 29 Fed. Cas. No. 17,566; *Union Casualty & Surety Co. v. Mondy,* (Colo.) 71 Pac. 677.

3. It is next claimed that the motion should have been

granted, because immediate notice of the accident was not given to the appellant as required by the policy. Immediate notice ordinarily means within a reasonable time and with due diligence under the circumstances of the particular case, of which the jury are ordinarily the judges. 2 May, Insurance (4th ed.), § 462; *Remington v. Fidelity & Deposit Co.,* 27 Wash. 429 (67 Pac. 989); *Western Commercial Travelers Ass'n v. Smith,* 85 Fed. 401 (40 L. R. A. 653).

No claim is made in this action for weekly indemnity under the policy. The evidence shows that the respondent caused notice to be sent to the appellant on the 12th day after the death of her husband. Until the death of her husband she was not a claimant under the terms of the policy. This was not an unreasonable delay, and therefore it was the duty of the court to submit the question of reasonable time to the jury, which was properly done.

Finding no error in the record, the judgment is affirmed.

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR, JJ., concur.