[No. 12679.    Department Two.    September 24, 1915.]

REARDAN UNION GRAIN COMPANY, *Respondent*, v.
J. K. SMITH, *Appellant*.[1]

INSPECTION—GRAIN — APPEAL — NOTICE — "PARTIES INTERESTED"—
STATUTES.    Where the purchaser of wheat had paid for it according
to the state grain inspector's grading, under 3 Rem. & Bal. Code,
§ 5980-14, making such grading conclusive on all parties interested,
with right of appeal to the public service commission, he is one of
the "parties interested" within Id., § 5980-16, entitling him to notice
of the hearing on the appeal, without which notice the decision on
the appeal is a nullity.

SAME—APPEAL—NOTICE—RECITAL—CONCLUSIVENESS.    A recital in
the order of the public service commission, changing on appeal the
grading of wheat, that the order was made "after due notice to the
interested parties," is a mere conclusion of law and not conclusive
that one S. had been served where no names were mentioned in the
order, and the record elsewhere showed what others had been
served, and a rehearing had been requested by an adverse party in
order that S. might be served.

SAME.    An order of the public service commission, changing on
appeal the state grain inspector's grading of wheat, and reciting
that due service had been given all interested parties, is subject to
collateral attack by an interested party who may show that he had
no notice; the question of who are interested parties being a judicial
question and subject to review by the courts.

Appeal from a judgment of the superior court for Spokane
county, Sullivan, J., entered July 15, 1914, upon findings in
favor of the plaintiff, in an action on contract, tried to the
court.    Reversed.

*Danson, Williams & Danson* (*George D. Lantz*, of counsel),
for appellant.

*Parks & Day*, for respondent.

ELLIS, J.—The plaintiff brought this action to recover a
balance claimed to be due for wheat sold to the defendant and
shipped according to his instructions to the Sperry Flour

[1] Reported in 151 Pac. 772.

Company of Tacoma. The wheat was purchased subject to
inspection and grading under the provisions of Laws of 1911,
ch. 91, p. 398 (3 Rem. & Bal. Code, § 5980-1 *et seq.*). Pay-
ment was to be made according to the grade. The grain in-
spector graded the wheat as No. 1 blue stem and club mixed.
The defendant paid the plaintiff for the wheat according to
that grade. An appeal was taken by the plaintiff to the
public service commission, which reversed the grain inspect-
or's decision and graded the wheat as No. 1 blue stem. This
grade made the value of the wheat $269.84 more than it
would have been according to the inspector's grading. The
recovery of this difference was the purpose of this action.
The notice of the time and place of the hearing of the ap-
peal before the commission, required by the governing stat-
ute, was directed to the state grain inspector, C. J. Holst,
the Tri-State Terminal Warehouse Company of Seattle, and
the Reardan Union Grain Company, the plaintiff herein.
There is nothing in the transcript of the public service com-
mission's record of the proceedings indicating that the de-
fendant herein or the Sperry Flour Company appeared at
the hearing before that body, or that either of them was given
notice, or had any notice whatever, of the hearing on that ap-
peal. At the trial of this action, the defendant offered to
show that he had no notice of the appeal to the commission
or of the hearing thereon. The same offer was made as to
the Sperry Flour Company. The offered evidence was ex-
cluded by the trial court, apparently on the theory that
neither of these parties was entitled to such notice. The ex-
clusion of this evidence presents the sole question for our con-
sideration. The case was tried to the court without a jury.
The facts are not disputed. Judgment was entered in favor
of the plaintiff. The defendant prosecutes this appeal.

The respondent contends that the offered evidence was
properly excluded on either one of two grounds: (1) that
the appellant was not entitled to notice of the hearing on
the appeal to the commission; (2) that the recital in the order

entered by the commission changing the grade that due notice was given to the interested parties concludes the question.

I. The provisions of the statute above referred to, so far as here material, are these: Section 12 provides that the commission shall, on or before the first day of July, 1911, fix standard grades to apply to all grain and hay thereafter bought or handled by public or terminal warehouses in this state, which grades shall be known as Washington grades, and shall continue until changed by the commission after notice as provided for the establishment of such grades.

Section 14 provides that the chief inspector, his deputies and weighers, shall, at the places provided for state inspection, have exclusive control of weighing and grading grain and hay, and that the certificate of such inspectors and weighers shall be conclusive upon all parties interested, provided, however, an appeal may be taken to the commission, whose decision shall be final.

Section 16 is as follows:

"In case any owner, consignee or shipper of grain, or his agent or broker, or any public or terminal warehouseman shall be aggrieved at the grading of his grain or hay, such aggrieved person may appeal to the commission from such decision within thirty days from the date of certificate, and paying a fee to be fixed by the commission, which shall be refunded if the decision appealed is sustained. Such notice of appeal may be taken by a letter or notice to the commission that it appeals from the decision of the inspector. It shall be the duty of the commission upon receiving such notice to immediately notify the parties interested of the time and place designated by it for a hearing and at such time and place, which shall be within twenty days from the date of receiving such notice hold a hearing and inquire into the reasonableness and correctness of such original grading and such evidence shall be received as the parties thereto may desire to offer. After such hearing the commission shall make such order affirming or modifying the grade so established by the inspector as the facts and evidence may justify." 3 Rem. & Bal. Code, § 5980-16.

The clear purpose of these provisions is to require the commission to fix standard grades to be applied in the grading of all grain bought or handled by public or terminal warehouses, and to require the grain inspector and weighers to grade all such grain according to the standard so fixed, also to give an appeal by any interested party from the decision of the inspector to the commission. Section 16 makes it the positive duty of the commission to notify the "parties interested" of the time and place designated by it for a hearing of any such appeal. It is only after such notice and hearing that the commission can make any order binding upon such parties, affirming or modifying the grade established by the inspector. It is clear, therefore, that if the appellant in this case was a party interested, within the meaning of the statute, he was entitled to notice of the hearing on the appeal to the commission, and is not bound or concluded by the commission's order changing the grade unless he received such notice. Upon these points, the meaning of the statute is too clear to admit of question.

The respondent's first claim, that the appellant herein was not entitled to notice of the hearing on appeal to the commission, is based upon some supposed distinction between parties interested in the grain and parties interested in the appeal. Such a distinction seems to us too tenuous to have ever entered the legislative mind. It lacks both substance in fact and basis in reason. It is urged that the appellant, Smith, though interested in the *subject-matter*, was not interested in the *object* of the appeal. He had the same interest in that object, namely, the correct grading of the wheat by the application of the standard fixed by the commission in accordance with § 12 of the act, that the respondent had, no greater, no less. This is demonstrated by the obvious fact that, had the inspector graded the wheat as No. 1 blue stem in the first instance, erroneously according to Smith's conception, then Smith would have had the same right of appeal to

the commission which the respondent had when it felt aggrieved by the grade as No. 1 blue stem and club mixed. There is no difference in their relation to the object of the appeal, namely, the application to the subject-matter of the correct grade or standard. They were interested in exactly the same measure, the only difference being that their interests were adverse. The principle of mutuality must accord the same right to a hearing to both. The fact that the appellant, Smith, purchased subject to classification according to the established grades provided for in § 12 of the act, no more deprives him of the right to a hearing on the actual classification of wheat in which he is interested than the fact that the respondent sold subject to the same conditions deprives the respondent of the right to a hearing. The object of the appeal was to finally fix the grade. The grade as finally fixed was, under the contract of sale, to finally determine the price of the wheat. The respondent was interested in the appeal because it was to receive pay for the wheat on the grade so fixed. The appellant was interested in the same measure because he was to pay for the wheat on the grade so fixed. Obviously, if the interest of the respondent was such as to entitle it to an appeal to the commission from the decision of the inspector, then the interest of the appellant, which was exactly the same as that of the respondent, was such as to entitle him to notice of the hearing on appeal, or to appeal himself had he felt aggrieved by the decision of the inspector. The right of appeal accorded by the statute, and the requirement of notice to persons interested, was clearly intended to preserve the right to a hearing to both of the parties. We find no merit in the claim that the appellant herein was not entitled to notice of the hearing on the appeal to the commission.

II.   Nor do we find any merit in the claim that the recital in the order of the commission changing the grade, that the order was made "after due notice had been given to the in-

terested parties," is conclusive on the appellant here as to the fact of such notice. In the first place, this is not a finding that Smith was served. There is no finding as to who the commission conceived to be the interested parties—no enumeration in this order of the names of the parties actually served as such. The recital, therefore, of due service on the interested parties is a mere conclusion of law from facts not recited. In the second place, the record of the commission itself, outside of the order and upon which the order was based, affirmatively shows who were served with notice of the hearing, and does not include the appellant in that number. The plaintiff itself asked for a rehearing before the commission in order that J. K. Smith might be served with notice of the hearing, thus conceding that he was not served with such notice.

Taking the whole record of the commission into consideration, the recital of due service upon the interested parties in the order of the commission is no more than a conclusion that the parties served, namely, state grain inspector, Holst, Tri-State Terminal Warehouse Company and Reardan Union Grain Company, were the only parties interested in the appeal. Whether or not these were the only parties interested is essentially a question of law depending upon a correct construction of the statute. This is a question for the court, touching which the opinion of the commission is not binding upon any one. While the commission must decide in the first instance, in order to give the notice, who are the parties interested, that question is essentially a judicial question, and hence subject to review by the courts. The court in all such cases, while giving due weight to the ruling of the commission, must of necessity in the end act upon its own interpretation of what the law means. *Zappala v. Industrial Insurance Commission*, 82 Wash. 314, 144 Pac. 54. Even where the judgment or order of a court of general jurisdiction recites due service, if want of service on a necessary party appears

11—87 WASH.

upon the face of the record as a whole, the judgment or order is open to collateral attack. *State ex rel. LeBrook v. Wheeler*, 43 Wash. 183, 86 Pac. 394. It can hardly be claimed that the recitals in an order of an administrative commission are entitled to a conclusive force not accorded to the recitals in the judgment of a court of general jurisdiction.

We are constrained to hold that the appellant herein was a party so interested in the appeal to the public service commission as to be entitled to notice of the time and place of hearing; that the recital in the order of the commission, that due notice was given to the parties interested, was, upon the face of the record, a mere conclusion not binding upon the appellant, and that the appellant was entitled to show that, as a matter of fact, he received no notice and had no knowledge of the time and place of hearing. Without such notice, the order of the commission was a nullity as to him. The offered evidence of the actual fact of service or lack of service upon the appellant was therefore vital and material and should have been admitted.

The judgment is reversed, and the cause is remanded for a new trial.

MORRIS, C. J., MAIN, and FULLERTON, JJ., concur.