## CAVANAUGH v INDUST COMM

Ohio Appeals, 8th Dist, Cuyahoga Co.

No 14135. Decided July 2, 1934

Payer, Corrigan & Cook, Cleveland, for plaintiff in error.

John W. Bricker, Columbus, and Don W. Hornbeck, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

The parties appear in the same order in which they stood in the trial court. The Common Pleas Court, at the conclusion of plaintiff's evidence, directed a verdict in favor of the defendant. Error is prosecuted seeking a reversal of the judgment of the Common Pleas Court.

For the purpose of this case, we must accept the testimony introduced in behalf of the plaintiff, as true. Every reasonable intendment and inference must, under the rule, be resolved in favor of the plaintiff, as the motion to direct at the conclusion of plaintiff's evidence is in the nature of a demurrer to the evidence.

It appears from the plaintiff's evidence that the plaintiff on May 19, 1931, was in the employ of the Fisher Brothers Company at its warehouse, as a laborer. At about five o'clock on that afternoon he so injured his back, while in the performance of his duties that the entire portion of the spinal column became dislocated and separated at a point between the fourth and fifth lumbar vertebrae so that the entire upper portion of the spine, commencing with the fourth lumbar vertebrae became virtually severed from its mooring and slipped from its normal position where it rests on the fifth lumbar vertebrae.

A reading of the evidence leaves no doubt but that the plaintiff sustained a serious injury.

When the trial court directed a verdict as it did, it was on the theory that there was no accidental injury—that the injury occurred while plaintiff was doing the ordinary and usual work which he had been performing during the past eight months and that no accident or unusual event had preceded the dislocation of his back. Since the only testimony with reference to the manner in which the injury occurred was that of plaintiff, a careful perusal and study of the same becomes essential. We find from the testimony that the plaintiff's work at the Fisher Brothers Company warehouse consisted of loading and unloading trailers and on May 19, 1931, he had been lifting heavy sacks of potatoes to the top of a trailer some six or eight feet above the floor of the platform. As he was raising one of the last sacks to heave it to the top of the trailer, it slipped from his hands and commenced to fall back down upon him, whereupon he endeavored to catch it and in doing so he slipped. Almost immediately he found that his back was badly wrenched.

It will be profitable to quote from the record as follows:

"Q. Anything unusual happen to you?

A. In lifting up, I was just about finishing the trailer—I had 78 bags of potatoes—
* * *
Q. This trailer was backed up against the platform and left there to load the material prior to the time the truck is taken away; is that right?

A. Yes. I was loading trailer, pretty nearly loaded the 10th bag of potatoes to put in the back end.

Q. What did this bag weigh?

A. About 100 pounds. As I was raising up the last one, raising it up to lift about halfway, it come back, did not follow my hand and I slipped.

Q. Then what did you do? Did you throw the bag up to the top or what became of the bag?

A. I swung it, getting back in at the top.

Q. While this was going on, did you notice anything to yourself? Anything happen to you?

A. I found my back wrenched but I did not give it any heed at the time.

Q. In what part of your back did you feel the wrench?

A. Right in the lower part of my back."

We are disinclined to engage in a hair-splitting process as to the meaning to be

attached to the various questions and answers given by the witness. The trial court in effect held that any injury sustained by him while he was lifting the bag was not compensable because lifting the bags was the usual and ordinary work in which he was engaged.

We are aware that in the case of **Industrial Commission v Franken, 126 Oh St 299,** the Supreme Court held that since there was no evidence of any extraordinary or unusual happening in and about Franken's work preceding his illness that it was not a compensable claim. It is true that the court states that the right of recovery in any case cannot be determined upon the theory that the work in which the employee was engaged was heavy or of a strenuous character and by reason of a long, continuance resulting in physical impairment and that impairment of physical condition occurring from constant and continued labor no matter how heavy or arduous it may be is not covered by the Workmen's Compensation law.

In the recent case of **Industrial Commission v Bartholone, 128 Oh St 113,** in opinion by Stephenson, J., the doctrine is epitomized in one sentence: "It is not 'wear' but 'tear' that is compensable." It is quite clear under the ruling of the Supreme Court, that disease which developed from constant and continued labor, no matter how heavy or arduous it may be, is not covered by the Workmen's Compensation Law, and that the only compensable cases are accidental injuries.

In the case at bar it is clear that the strain to plaintiff's back did not result from the mere performance of heavy and arduous labor. The accompanying circumstances must be considered, namely, the falling of the bag, his endeavor to catch it before it fell and his slipping to the floor while in the process of doing it.

We fail to see how any injury sustained under circumstances like the case at bar can be regarded in any other light except that of an accidental injury. His usual work did not entail the falling of the bag, the endeavor of plaintiff to catch it and his slipping on the floor, nor can we conceive of any reason why the trial court should adjudge the same, as a matter of law, as anything but an accidental injury instead of leaving it to the jury to determine the fact.

The workmen's compensation law was intended to offer insurance to workmen who are injured by accidental means while at work. Many cases will be found where in actions on accident insurance policies

the words "accident", "accidental" and "accidental means" were construed.

In the case of Horafall v Pacific Mutual Life Ins. Co., 72 Pac. 1028, 32 Wash. 142, the court held:

"The strain of the muscles of the back caused by lifting heavy weights in the course of business, is an "injury by 'accident' or violence occasioned by external or material causes operating on the person of the insured," within the accident policy."

See 63 L.R.A. 425 for a collection of analagous cases.

We are constrained to say that the Workmen's Compensation Act would be shorn of its beneficient purposes if the case at bar were to be viewed, as a matter of law, as not being an accidental injury.

We hold that the Common Pleas Court was in error in withdrawing the case from the jury and in directing a verdict. Judgment reversed and cause remanded for further proceedings according to law.

LIEGHLEY, PJ, and McGILL, J, concur in judgment.