# THERESIA LOCKWAY v. MODERN WOODMEN OF AMERICA.[1]

April 18, 1913.

Nos. 17,972—(52).

**Benefit insurance — proof of death not conclusive as to cause.**

1. A benefit certificate provided that, if death was due to delirium tremens caused by the intemperate use of alcoholic drinks, it should be null and void. In proofs of death furnished by the beneficiary, it was stated that the cause of the death of insured was delirium tremens. *Held,* that such statements in the proofs are not conclusive, and do not preclude or estop the beneficiary from showing that such statements were made by mistake, and that in fact the insured did not die from such cause. *Held* further, that plaintiff in this case produced testimony tending to show such a mistake, and that the cause of death was not as stated, sufficient to warrant the denial of a motion to dismiss, made at the close of plaintiff's case.

**Verdict sustained by evidence.**

2. The evidence did not conclusively show that the insured died from delirium tremens caused by the intemperate use of alcoholic drinks, and the verdict for plaintiff was sustained by the evidence.

**Burden of proof.**

3. The burden of proof was upon defendant.

**Closing argument before jury.**

4. It was not reversible error to deny defendant the right to the closing argument to the jury, no prejudice appearing.

**Admission of evidence — charge.**

5. There was no reversible error in any of the rulings on the admission of evidence or in the charge.

Action in the district court for Brown county to recover $2,000 upon defendant's certificate of insurance upon the life of John C. Lockway. The defense was that the insured died of delirium tremens caused by the intemperate use of alcoholic drinks. The case was tried before Olsen, J., who denied defendant's motion for a directed

[1] Reported in 141 N. W. 1.

verdict, and a jury which returned a verdict for $2,224.67. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*B. D. Smith, A. R. Pfau, Jr.,* and *C. J. Laurisch,* for appellant.

*A. Frederickson* and *Rieke & Hamrum,* for respondent.

BUNN, J. This action is to recover $2,000 on a benefit certificate issued by defendant to John C. Lockway and payable on his death to his widow, the plaintiff. The defense was that Lockway died of delirium tremens, caused by the intemperate use of alcoholic drinks; the certificate providing that in such case it should be null and void. The case was tried to a jury, and a verdict for plaintiff returned. It reaches this court on defendant's appeal from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The first error assigned is the denial by the trial court of defendant's motion to dismiss, made at the close of plaintiff's case. The claim is that it conclusively appeared from the evidence as it then stood that Lockway died from delirium tremens. This claim is based upon the proofs of death furnished by plaintiff, in which it was stated that Lockway's death resulted from delirium tremens and a "bursted artery." This statement was made in an affidavit signed by the beneficiary. In the affidavit of the attending physician, he stated that the remote cause of death was delirium tremens, and the immediate cause a ruptured artery.

These statements were not conclusive against plaintiff. Had there been no evidence tending to show that the statements were made by mistake, and were not true in fact, it is perhaps correct that they would preclude a recovery. But it was open to plaintiff to show that she and the attending physician had made an honest and unintentional mistake in stating the cause of death, and that in fact the insured did not die from delirium tremens. The proofs were prepared by her neighbors on blanks furnished by defendant. Her testimony, fairly construed, tended to show that she did not understand what was meant by the term "delirium tremens," and understood at the time that her husband died from a ruptured blood vessel. She also testified that Lockway was not addicted to the excessive use of intoxicants,

and denied that his death was due to this cause. If, as contended by counsel, it was necessary to give defendant notice before the trial that plaintiff claimed the proofs of death did not correctly state the cause of death, such notice was given by the pleadings in the case. We hold that any prima facie case as to the cause of death made by the statements in the proofs of death was sufficiently rebutted by the evidence to justify the denial of defendant's motion to dismiss. Bentz. v. Northwestern Aid Assn. 40 Minn. 202, 41 N. W. 1037, 2 L.R.A. 784; Bachmeyer v. Mutual Reserve, 82 Wis. 255, 52 N. W. 101; Insurance Co. v. Newton, 22 Wall. 32, 22 L. ed. 793.

The contention that defendant was entitled to a directed verdict cannot be sustained. Indeed, the only evidence that Lockway died of alcoholism, or delirium tremens, was the statement to that effect in the proofs of death, if we except the testimony of the attending physician, who was willing to admit the delirium, but was in doubt as to the "tremens." Many witnesses testified to the mildness of Lockway's drinking, and none testified to ever having seen him intoxicated. There were also expert witnesses who gave their opinions, based upon his symptoms, that he did not suffer from delirium tremens. The issue was clearly for the jury, and the verdict is amply sustained.

There was no error in the instruction to the jury that the burden of proof was upon defendant. Undoubtedly the statements in the proofs of death were entitled to be considered as in the nature of admissions on the part of plaintiff, and though, if unexplained, they perhaps would have been conclusive against her, yet this did not operate to change the well-understood rule that the burden of proof is upon the insurer to show that death was from a cause within the exceptions of the contract.

The court refused an application by defendant to be allowed the closing argument to the jury. Granting that defendant was entitled to this, having the burden of proof on the only question in controversy, we fail to see any probability that defendant was prejudiced by not having the last word.

There was no error in granting an amendment to the complaint, or in refusing to strike out certain allegations of the reply. Nor do we find any ground for reversal in the numerous assignments of error

that challenge rulings on the admission of evidence or instructions to the jury.

Order affirmed.