# JOHN R. PETERSON v. LOCOMOTIVE ENGINEERS MUTUAL LIFE & ACCIDENT INSURANCE ASSOCIATION.[1]

December 5, 1913.

Nos. 18,350—(109).

**Accident policy — invisible injury — question for jury.**

Plaintiff, a locomotive engineer, held an accident policy issued by defendant. The by-laws precluded recovery for "an invisible injury, unless certified to by a medical expert designated by the association." Plaintiff's engine was derailed while running at a rapid rate. He sustained only slight external injuries, but there is evidence tending to show that for nearly two years, beginning a few days after the accident, he was mentally deranged so as to unfit him for duty, and that this condition resulted from the accident. *Held:*

(1) That if his condition could be ascertained by observation or examination, it was a visible injury within the meaning of the by-law.

(2) That whether the alleged injury was visible and resulted from the accident were questions for the jury.

(3) The court did not submit to the jury the question as to whether the alleged injury was visible; but charged, in substance, that if the injury existed and "was due to an outside force," plaintiff was entitled to recover. Under the evidence, whether the injury was visible was a question for the jury and should have been submitted to them.

Action in the district court for Hennepin county to recover $780 upon defendant's policy of insurance. The answer alleged that plaintiff received no injury at the time and place alleged, or any injury entitling him to any insurance under the certificate, and specifically alleged that plaintiff had not lived up to the contract of which his certificate of membership was a part. The case was tried before Hale, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict of $811.20 in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Reversed.

[1] Reported in 144 N. W. 160.

*Larrabee & Davies*, for appellant.

*Henry Deutsch, Breding & Fleigelman* and *Walter S. Whiton*, for respondent.

TAYLOR, C.

Plaintiff brought suit upon an accident policy issued by defendant and recovered a verdict. A motion for a new trial was denied and defendant appealed.

While plaintiff, a locomotive engineer upon a Great Northern passenger train, was running at a rate of 45 or 50 miles per hour, his engine, for some unexplained reason, "jumped" the track and went down a 15-foot embankment. Plaintiff jumped or was thrown from the engine and apparently was unconscious for a few moments, but arose unaided and went to the assistance of the fireman. The external marks of injury upon his person consisted of slight abrasions of the skin upon one of his elbows and one of his legs, and of black and blue spots which remained for several weeks. These wounds were superficial and not of a serious nature. Immediately after the accident he assured his friends that he had escaped without injury of any consequence. However, when requested to take out another train a few days later, he declined on the ground that he was not in fit condition to do so, and has never since returned to work. There is evidence tending to show that his nervous and mental condition was abnormal, and his mind unbalanced to such an extent as to unfit him for work, for nearly two years after the accident.

The policy in controversy entitled plaintiff to an indemnity of $15 per week for a period not exceeding 52 weeks, "if totally disabled by accidental injury from following his vocation." By their verdict, the jury found that he was disabled within the meaning of the policy. The by-laws of the association are made a part of the policy and contain the following provision: "No claim for weekly indemnity of any policyholder will be recognized when loss of time is caused by an invisible injury, unless certified to by a medical expert designated by the association." Defendant never designated, and was never requested to designate, any medical expert to examine or certify as to plaintiff's injury; and contends that the injury, if

any there be, was an invisible injury within the meaning of the by-law, and that plaintiff cannot recover therefor in the absence of the prescribed certificate.

The purpose of such a provision is to protect the insurer against sham claims by barring the insured from recovering for alleged injuries of which there is no proof except his own assertion. But it is well settled that visible injuries, within the meaning of such a provision, are not limited to external injuries; but also include any internal injuries, the existence of which may be ascertained through observation or examination. Union Casualty & Surety Co. v. Mondy, 18 Colo. Ct. App. 395, 71 Pac. 677; Pennington v. Pacific Mut. Life Ins. Co. 85 Iowa, 468, 52 N. W. 482, 39 Am. St. 306; Barry v. U. S. Mut. Acc. Assn. 23 Fed. 712; Id. 131 U. S. 100, 9 Sup. Ct. 755, 33 L. ed. 60; Menneiley v. Employers' Liability Assur. Corp. 148 N. Y. 596, 43 N. E. 54, 31 L.R.A. 686, 51 Am. St. 716; Gale v. Mutual Aid & Acc. Assn. 66 Hun, 600, 21 N. Y. Supp. 893; Harsfall v. Pacific Mut. Life Ins. Co. 32 Wash. 132, 72 Pac. 1028, 63 L.R.A. 425, 98 Am. St. 846; Thayer v. Standard Life & Acc. Ins. Co. 68 N. H. 577, 41 Atl. 182; Dent v. Railway Mail Assn. 183 Fed. 840.

If plaintiff's mental derangement was such as to be observable and could be ascertained by proper examination, we think it was a visible injury within the meaning of the by-law. Of course it must be shown to have resulted from the accident before a recovery can be had. But the evidence tending to show that the derangement existed, that it was observable, and that it resulted from injuries received in the accident, was sufficient to make these questions proper matters for determination by the jury.

2. In defining the meaning and effect of the by-law the court among other things charged the jury: "If it can be determined from the facts in the case that the thing which produced the internal injury came from the outside, that will be sufficient to come within the terms of this section. So if you conclude, from all the evidence in the case, that the injury which he complains of—the mental disturbance—was due to an outside force, either from jumping or falling from the engine, and that that was the proximate cause of

this injury, then he would be entitled to recover, providing you find that the injury existed as claimed by him; that is, the result of the injury—the disturbance of the mind."

The jury must have understood from the instructions that if the injury resulted from external force, the by-law did not bar recovery therefor even if the injury was invisible. They were told in substance that if the alleged injury existed, and "was due to an outside force," plaintiff was entitled to recover. Whether the injury was visible was not submitted to them to determine. The charge practically eliminated this provision of the by-laws from the case, and submitted to the jury only the question as to whether plaintiff's mind had been unbalanced as claimed, and, if so, as to whether that condition resulted from the accident. This was error. Whether the injury was visible was not established conclusively, and should have been left to the jury to determine.

Order reversed.