## ANDREW COOPER v. PROGRESSIVE ASSURANCE COMPANY.[1]

January 30, 1931.

No. 28,275.

*Mason W. Spicer,* for appellant.

*A. M. Gunn* and *Dean L. Fowler,* for respondent.

HILTON, J.

Defendant appeals from the judgment of the municipal court of the city of Minneapolis against it in the sum of $172.36, including costs.

This action was brought by plaintiff to recover on a health insurance policy issued to him by defendant. The case was tried to a jury. A motion for a new trial was denied. It was admitted that plaintiff was ill at the time and for the period claimed. There was no dispute as to the amount he was entitled to recover if defendant was liable under the policy and if plaintiff had not released his claim.

[1]Reported in 234 N. W. 645.

The defenses interposed were: (a) That prior to the commencement of the action defendant made a settlement with plaintiff and obtained a release of all claims against defendant; (b) that the illness of plaintiff was due to a (named) venereal disease, which the policy did not insure against. No error was assigned relative to the court's instructions to the jury.

■ When plaintiff was in defendant's office and signed his proof of claim he was told by its managing officer in charge that there was no liability under the policy but that a Christmas gift of $10 would be given to him by the company. A check was drawn payable to plaintiff for that amount; on its face above the signature of defendant and a part of the check there was printed in small type the usual statement that it was in full compromise and settlement of any and all obligations, etc. At the defendant's request plaintiff indorsed the check and two five dollar bills were given him. This money was tendered back to defendant. It was refused and the claim reduced that amount. Plaintiff is illiterate; he could not read the printed release, and it was not read or explained to him. The jury was warranted in concluding that no settlement was made or release effected.

■ Plaintiff's proof of claim was prima facie sufficient. It stated and he testified that his ailment was yellow jaundice; that his physician so told him and that no one connected with the company ever mentioned the venereal disease to him or disclaimed liability on that ground. The defendant admitted the illness of plaintiff; it was incumbent upon it to prove that the illness was one that was not covered by the policy. Lockway v. Modern Woodmen, 121 Minn. 170, 141 N. W. 1.

The physician's report (not certified) was on the reverse side of the proof of claim and stated that plaintiff had the venereal disease. It is assigned as error that the verdict is contrary to the evidence, being contrary to the statement contained in defendant's exhibit 2 (physician's report).

Plaintiff testified that he had never seen the report and did not know there was one; his proof of claim contains no reference to

the report nor did the policy require one. Plaintiff denied that he procured it from the physician, asked him for it, or delivered it to the company. The physician did not testify.

The report was at defendant's office before plaintiff came there. From the evidence it might very readily and properly be concluded that the report was procured by the company without the knowledge of plaintiff. In any event such a report, even if procured by plaintiff, would be no more than an admission by plaintiff against his interest; statements therein were not conclusive but could be contradicted. Laury v. N. W. Mut. L. Ins. Co. 180 Minn. 205, 230 N. W. 648, 231 N. W. 824; Lockway v. Modern Woodmen, 121 Minn. 170, 141 N. W. 1.

Plaintiff testified that he never had the venereal disease referred to. An issue of fact was thus made for the jury; its determination in plaintiff's favor must stand. We find no error in the record.

Judgment affirmed.

STONE, J. (dissenting).

I agree that as to the alleged release there was a fact issue easily susceptible of decision for plaintiff. Beyond that I cannot concur in this decision. Plaintiff's testimony, taken as a whole, compels the conclusion, in my judgment, that he submitted his proof of claim to defendant with the doctor's certificate a part of it. His own statement, on one side of the document, consisting of questions and answers, was signed by him. The reverse of the paper was given over to the "Attending Physician's Final Report of Sickness." It was signed by Dr. List as "attending physician." No question is made as to the genuineness of Dr. List's signature or that he was the attending physician. His statement was that plaintiff's sickness was "syphilis tertiary" accompanied by "possible catarrhal jaundice" and "possible arsenical hepatitis." Later on there is a statement that the claimant had previously received treatment for syphilis. Plaintiff admitted, as to the physician's statement, that he had his "own doctor certify to that" and obtained the doctor's signature in order to make settlement with the insurance company. His weak denial elsewhere in his testimony that he had anything

to do with procuring the doctor's statement becomes altogether immaterial in view of its unquestioned genuineness.

Plaintiff's testimony, referred to in the majority opinion, "that he never had the venereal disease referred to," comes down at last to his more particular statement that so far as he knew he had never had syphilis, and that "the doctor told me it was yellow jaundice, that's what they said when they took me to the hospital, and examined me." I cannot ascribe to that equivocal and hearsay statement the effect of overcoming the unquestioned diagnosis made and certified by the attending physician. The latter made a prima facie case for defendant (14 R. C. L. 1446) which, as I view the record, has not been overcome. Hence my dissent.