# DOMINICA CAVALLERO v. TRAVELERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT.[1]

May 29, 1936.

No. 30,715.

[1] Reported in 267 N. W. 370.

*Courtney & Courtney,* for appellant.

*Baldwin, Holmes, Mayall & Reavill,* for respondent.

I. M. OLSEN, JUSTICE.

Plaintiff appeals from an order denying her motion for a new trial.

The action is one to recover on an accident insurance policy issued by defendant to Bruno Cavallero. Plaintiff, his mother, sues as special administratrix to recover under this policy for the death of the insured. The policy insures, as provided in the general coverage clause at the beginning thereof, "against loss resulting from bodily injuries effected during the term of this insurance directly and independently of all other causes through external, violent and accidental means, as specified in Parts A and B, subject to the conditions and limitations herein contained." Part A provides, in case of death caused by accidental injuries to the insured while riding as a passenger in a public conveyance provided by a common carrier, the company will pay to the executor or administrator of the insured the sum of $5,000. Part B provides for payment of three-fifths of the amount specified in Part A if the injury is sustained elsewhere than as specified in Part A.

The policy contains: (1) The general coverage clause stated; (2) the standard provisions prescribed by 1 Mason Minn. St. 1927, § 3417; (3) what is headed "Additional Provisions." In these additional provisions is found the following:

"22. This insurance shall not cover disappearance nor injuries of which there is no visible contusion or wound on the exterior of the body of the Insured."

Then follow some 36 other exceptions from the coverage of the policy. In the standard provisions is contained the following:

"The company shall have * * * the right and opportunity to make an autopsy in case of death where it is not forbidden by law."

The claim of the plaintiff, in substance, is that the decedent, on November 15, 1934, while riding as a passenger in a bus operated by an interstate common carrier of passengers, passing westward in the state of Nebraska, received a jolting injury which caused his death. Decedent had started from Duluth on a journey to California by bus transportation. It is claimed that the injury which it is alleged caused his death was received when the bus in which he was riding, in going over a rough road, jolted to such an extent as to throw decedent and a fellow passenger, sitting with him in the rear seats of the vehicle, up so as to touch the top of the bus with their heads; that they were nearly thrown out of the bus and went up and down; that this jolting caused such injury to decedent that he died therefrom two or three days later; that the death resulted from traumatic injury to the spleen.

Defendant, by its answer, denies that the decedent suffered any injury while a passenger on the bus in question, or that his death resulted from any injury so suffered. It sets up two affirmative defenses:

(a) That the policy provides: "The company shall have the right and opportunity to examine the person of the insured when and so often as it may reasonably require during the pendency of claim hereunder, and also the right and opportunity to make an autopsy in case of death where it is not forbidden by law." That on December 26, 1934, it demanded an autopsy, and permission therefor was denied.

(b) That the policy provides: "This insurance shall not cover disappearance, nor injuries of which there is no visible contusion or wound on the exterior of the body of the insured." And that there was no visible contusion or wound on the exterior of decedent's body.

On the trial plaintiff's medical expert, who examined the decedent the day after the accident, testified that he found decedent in great pain and suffering apparently from shock; that there was pain in

the left side of the abdomen in the region of the spleen; that the abdomen was distended and hard, and there was a mass presentation on the left side thereof at the place where the spleen was located. He consulted with and was assisted by another doctor, and, because of decedent's general condition, pulse, temperature, and increasing suffering and weakness, an operation was deemed necessary. The operation was performed the next day and the spleen found in such condition that it had to be removed. The patient died the day after the operation. The doctor found no wounds or bruises on the exterior of the body. He gave his opinion that the condition was caused by traumatic injury to the spleen and that it could have been caused by the jolting, testified to by another witness, received while decedent was riding in the bus. Another medical expert, basing his opinion on the evidence for plaintiff, gave the same opinion, that the condition of the spleen was caused by trauma and could have come from the jolting received in the bus. There is no suggestion that there had been any trauma or injury unless caused by the jolting mentioned, and no evidence that decedent was suffering from any disease prior to the claimed occurrence in the bus.

For the defendant, two medical experts gave testimony that in their opinion the condition of decedent's spleen was not caused by trauma or accidental injury but by disease, and that such condition could not reasonably have been caused by the jolting received while riding in the bus, as described by plaintiff's witness. There was other evidence for defendant that the road in question was not rough so as to cause any jolting at the place where the accident is claimed to have occurred.

The court submitted to the jury, in a clear charge, three issues of fact. The first issue was whether the death of the insured was the proximate result of his alleged accidental bodily injuries, directly and independently of all other causes. The second issue was whether the accidental injury, if any, claimed by plaintiff to have been caused to decedent from the jolting of the bus, caused any visible contusion or wound on the exterior of the body of the decedent. The third issue was whether a demand by defendant for

an autopsy was made within a reasonable time and under reasonable conditions after defendant was informed of the death.

As to the first issue, it is not claimed that this was not a fact issue for the jury.

On the second issue, as to whether there was any visible contusion or wound on the exterior of the body of decedent, the plaintiff's medical expert testified, as before stated, that he found decedent suffering great pain, with symptoms of shock, with the abdomen rigid and hard, with pain and a mass presentation in the region of the spleen. The doctor further testified that he found no contusion or wound on the exterior of the body. The court submitted this issue to the jury in the following words:

"If you find from the evidence that the accidental injury of the deceased, if any, and as claimed by plaintiff to have been suffered from the jolting of the bus, did not cause any visible contusion or wound on the exterior of the body of Bruno, you should find for the defendant."

By this instruction the court adopted the literal wording of the clause in the policy excepting from the coverage cases where the injury causes no visible contusion or wound on the exterior of the body. The court was of the opinion that this policy provision did not require any explanation or construction. Policy provisions limiting coverage, or excepting the insurer from liability under certain conditions, are to be strictly construed as to the insurer and liberally construed as to the insured. Had there been a request by plaintiff's counsel for further instruction on this point, the court might well have explained and construed this provision in harmony with the construction placed on provisions construing what constitutes visible signs or marks of injury on the exterior of the body. A large list of these cases are cited and reviewed in the notes of 49 L.R.A.(N.S.) 1022, and 39 A. L. R. 1011. See also Peterson v. Locomotive Engineers Mut. L. & A. Ins. Assn. 123 Minn. 505, 144 N. W. 160, 49 L.R.A.(N.S.) 1022, Ann. Cas. 1915A, 536; Thompson v. Loyal Protective Assn. 167 Mich. 31, 132 N. W. 554; Feis v. United States Ins. Co. 112 Neb. 777, 201 N. W. 558, 39 A. L. R. 1008.

We see no material distinction between "external and visible marks of injury" and "external and visible signs of injury," considered in these cases, and the provision as to visible contusion or wound on the exterior of the body contained in the policy here in question. In either case the purpose of the provision is to furnish evidence of an accidental injury and to prevent fraudulent claims when there is no evidence of accidental injury except claimant's assertion.

The plaintiff, having failed to request any further instruction on this point or to call the attention of the court to any modification or addition to be made to the charge as given, is not in a position now to raise this question.

There is the further contention that this policy clause does not apply to death cases; that the clause applies only to bodily injuries not resulting in death. There are authorities cited so holding. This court, so far as we know, has not so held, nor has the question been here presented up to this time. We are not prepared to hold that this policy clause does not apply to cases where death results from injuries.

The third issue was submitted to the jury as follows:

"The policy provides that the company shall have the right and opportunity to make an autopsy in case of death. But as a condition of the exercise of that right, the company is required to reasonably and seasonably make a demand for an autopsy. A demand for an autopsy was made by the company. Whether it was made reasonably and seasonably, that is, within a reasonable time and under reasonable conditions, is for you to decide."

The insured died at Evanston, Wyoming, on the 18th or 19th day of November, 1934. Defendant's agent at Duluth was informed of the death either on the 19th or 20th of that month and was informed that the relatives were making efforts to have the body brought back to Duluth. The body was so brought to Duluth within three or four days. No question is raised as to the agent's authority in the matter. Duluth was the home of the insured and of his mother and other relatives. The body was kept at Duluth for two or three days and was buried on November 26. On December 26

the agent, H. E. Wulfers, served on plaintiff a notice, signed by such agent as "adjuster," demanding an autopsy. The demand was refused. The defendant, with knowledge that the body was to be brought back to Duluth for burial, delayed for more than a month, and until a month after the burial, in making the demand. The demand, as a matter of law, was too late, and the issue should not have been submitted to the jury. Johnson v. Bankers Mut. Cas. Ins. Co. 129 Minn. 18, 151 N. W. 413, L. R. A. 1915D, 1199, Ann. Cas. 1916A, 154. The assignment of error that the verdict is not sustained by the evidence is sufficient to raise this question of the demand for an autopsy. This court is not in a position to determine from the record on which one or more of the three grounds submitted the jury based its verdict for defendant, and, if a verdict on either of these grounds is not sustained by any evidence, there should be a new trial. Where several material issues are tried and the verdict is general, an erroneous submission of one of the issues, without any evidence to sustain a verdict thereon in favor of the prevailing party, requires a new trial.

The charge as to the burden of proof appears to be erroneous in reference to the question of autopsy and the question of "visible contusion or wound on the exterior of the body." As to an autopsy, the court charged that the company, in order to be entitled thereto, is required reasonably and seasonably to make a demand therefor. That being true, the burden of proving a demand reasonably and seasonably made rested upon the company. No burden of proof rested on the plaintiff on that issue unless and until the company presented evidence of a demand reasonably and seasonably made.

The provision as to the policy not covering, in case there is no visible contusion or wound on the exterior of the body, is an exception. It excepts from the coverage clause an accidental injury which would otherwise come within the policy coverage. Our own decisions place the burden of proof in such cases on the insurer. In Schrepfer v. Rockford Ins. Co. 77 Minn. 291, 79 N. W. 1005, it is held that plaintiff, in an insurance case, need not negative loss from excepted risks. In the later case of Lockway v. Modern

Woodmen, 121 Minn. 170, 141 N. W. 1, the same rule is stated and applied, and it was held that the burden of proof rested on the insurer. The same rule is followed in other jurisdictions and applied generally to all kinds of insurance policies. The plaintiff should have taken exception to the charge as to the burden of proof. The court twice charged the jury that the burden of proof on the three issues submitted rested upon the plaintiff.

Here there were three issues submitted to the jury, and the jury were instructed that if they found in favor of the defendant on either issue they should find a verdict for defendant, or find that plaintiff could not recover. A general verdict for defendant was returned. There was no evidence to sustain a verdict for defendant on one of the issues so submitted. The evidence was not conclusive against the plaintiff on either of the two other issues, and this court cannot, from the record, determine on what issue or issues the jury based the verdict. Hence a new trial is required. The sufficiency of the evidence to sustain the verdict was properly raised on motion for a new trial and is raised here. Even if errors in the charge cannot now be considered because of failure to take timely exceptions thereto, the question of the sufficiency of the evidence to sustain the verdict is properly here for consideration. Where two or more material issues are submitted to the jury and a general verdict returned, and one issue so submitted is not sustained by any evidence, there must be a new trial unless it conclusively appears that the party in whose favor the verdict was obtained was entitled thereto as a matter of law on one or more other issues submitted. Roy v. Dannehr, 124 Minn. 233, 144 N. W. 758; Lindemann v. C. R. I. & P. Ry. Co. 154 Minn. 363, 191 N. W. 825; Vasey v. Saari, 141 Minn. 103, 169 N. W. 478; General Elec. Co. v. Florida & S. D. Co. 183 Minn. 178, 235 N. W. 876.

Plaintiff made some claim that the exception clause in the policy was required, under the statute relating to such policies, to be printed in bold-faced type larger than here used. The claim is not well founded.

The order appealed from is reversed and a new trial granted.