IN THE MATTER OF THE PROBATE OF THE WILL OF W. H. SELLECK, Deceased, W. F. SELLECK, Proponent, Appellant, C. H. SELLECK and GERTRUDE GRANT, Contestants.

Will contest: NONEXPERT TESTIMONY. In the contest of a will a nonexpert witness, who has detailed the facts upon which his conclusion is based, may state his opinion of the testator's soundness of mind.

Evidence: INTENTION OF TESTATOR. On the contest of a will 'for undue influence, evidence of the terms of a prior will is admissible to show testator's intentions, with reference to the disposition of his property, prior to the alleged undue influence.

Submission of issues: HARMLESS ERROR. Where a will was contested on the ground of want of testamentary capacity and also undue influence, and the two issues were submitted to the jury separately, the finding of want of testamentary capacity rendered harmless any error in submitting the issue of undue influence, although it was without support in the evidence.

Refusal to probate will: JUSTIFICATION. Where the jury has been instructed as to what was sufficient unsoundness of mind to war-

rant a negative answer to that issue, a finding that testator was not of sound mind is sufficiently definite to justify a refusal to probate the will.

**Testamentary capacity:** REVIEW. Where there is competent evidence to support a finding of want of testamentary capacity, it will not be disturbed on appeal.

*Appeal from Wright District Court.*— HON. J. R. WHIT-AKER, Judge.

WEDNESDAY, NOVEMBER 23, 1904.

PROCEEDINGS for the probate of a will. Contestants made objection to the proposed will on the ground that it was procured by undue influence, and that testator lacked testamentary capacity. There was a special finding by the jury in behalf of contestants on each of these issues, and the court refused to probate the instrument offered as the last will of decedent. The proponent appeals.— *Affirmed.*

*Nagle & Nagle,* for appellant.

*Birdsall & Birdsall* and *Peterson & Humphrey,* for appellees.

McCLAIN, J.— One of the objections urged by appellant is that a non-expert witness was allowed to give an opinion as to the soundness of mind of the deceased, without stating the facts upon which such opinion was predicated; but the record shows that the witness had testified as to what he had observed on a particular occasion when he called upon deceased, and we think it plain that the question related to the facts detailed, and not to facts which he observed at the time, but did not narrate in his evidence. There is nothing in the objection made to the question at the time to indicate that counsel supposed it was objectionable as calling for an opinion based on facts not disclosed in the testimony of the witness.

1. NON-EXPERT TESTIMONY.

Several objections are predicated upon the action of the court in allowing contestants to prove the execution by decedent of a prior will, and to show the contents of such will; but one of the issues being tried was whether the will offered had been executed as the result of undue influence, and, as bearing on that question, the prior intentions of deceased — that is, his intentions with reference to disposal of his property before the alleged undue influence was brought to bear upon him — might be shown.    On this question it was competent to introduce evidence as to the terms of a prior will.    *Bulger v. Ross,* 98 Ala. 267 (12 South. Rep. 803) ; *Kaenders v. Montague,* 180 Ill. 300 (54 N. E. Rep. 321) ; Page on Wills, section 422.

*2. EVIDENCE: intention of testator.*

In various forms, it is urged that the court erred in submitting to the jury the issue as to undue influence; the contention being that there is no evidence whatever to support the contestants as to this issue.    We are inclined to think that there was no evidence of undue influence, but the issues were submitted separately to the jury, and the answers made to the special interrogatories which the court propounded show that the jury found that decedent was not of sound mind at the time he executed the will, as well as that it was executed under undue influence exercised over him by W. H Selleck, the proponent.    In the instructions of the court the two issues were kept distinct, and in view of the finding that decedent was not of sound mind, the other finding, that the will was the result of undue influence, was clearly not prejudicial, even if it was erroneous.    This is not a case where the jury is asked to find as to several distinct facts bearing on the same issue, and makes an erroneous finding as to one of them. There is not the least doubt in our minds, after examining the instructions and the evidence, that, had the issue of undue influence been withdrawn from the jury, the finding as to the mental unsoundness would have been the same.

*3. SUBMISSION OF ISSUE: harmless error.*

The finding that the decedent was not " of sound mind

at the time he executed the will in dispute " was sufficient to warrant the action of the court in refusing to probate the will. It is true that the term " sound mind " is somewhat indefinite, but the court had expressly instructed the jury as to what was sufficient unsoundness of mind to require a negative answer to the interrogatory propounded; and, in view of this instruction, we think that the finding is sufficiently definite.

**4. REFUSAL TO PROBATE WILL: justification.**

It is urged by counsel that there was not sufficient evidence of want of mental capacity to sustain the verdict of the jury, but there was competent evidence tending to show mental unsoundness, and we think the sufficiency of the evidence was properly left to the jury.

**5. TESTAMENTARY CAPACITY: review.**

There is no such want of evidence to support the verdict as would justify our interference with the conclusion reached.

The judgment of the trial court is therefore *affirmed.*