[File No. 6580.]

ELEANOR BENTLEY, Respondent, v. OLDETYME DISTILLERS, Inc., a Corporation, and Northwest Beverages, Inc., a Corporation.

OLDETYME DISTILLERS, Inc., a Corporation, Appellant.

(289 N. W. 92.)

588

*Dullam & Young,* for appellant.
*Simpson, Mackoff & Kellogg,* for respondent.

Burr, J.   The only defendant interested in this appeal is Oldetyme Distillers, Inc., hereafter known as defendant or appellant.

In her complaint the plaintiff alleges that on March 29, 1937, L. P. Gannon, as the servant, employee, and agent of the defendant, and engaged in the transaction of defendant's business, was driving on highway No. 10 in the course and scope of his employment and at that time invited and requested her to ride with him as a guest and passenger, and that while so riding with him Gannon "operated the said automobile in a grossly negligent manner and . . . was intoxicated and guilty of wilful misconduct, causing the said automobile to run off the road . . . and to become wrecked . . ." so that she was injured "by reason of the said intoxication, wilful misconduct and gross negligence of the said defendants, by their said agent, servant and employee. . . ." She alleges further that she "exercised due care for her own safety; that she had no supervision or control over the operation of the said automobile; that the said accident occurred and the plaintiff's said injuries were sustained solely by and through, and proximately resulted from the gross negligence, intoxication and wilful misconduct of the defendants herein, by their said agent, servant and employee, as aforesaid."

The answer is in effect a general denial.

At the time of trial the plaintiff amended her complaint wherein she claimed that at the time of the accident she "was then and there law-

fully riding as a guest and passenger in the said automobile at the invitation and request of the said defendants, by their said agent and employee" by adding thereto the phrase "and for the benefit of said defendants."

Judgment was entered for the plaintiff and the defendant appeals.

The record shows the defendant was a wholesaler of intoxicating liquors, and plaintiff sought to show Gannon was defendant's general agent for this state. Gannon planned to attend the opening of a saloon at Dickinson, for that purpose he obtained the use of an automobile, from the Northwest Beverage Company he purchased two cases of intoxicating liquors which that company had purchased from the defendant. The plain intimation is Gannon was to use this liquor as gifts to the patrons of the saloon on the opening day. The whiskey was charged "to Pat Gannon as representative of the Oldetyme Distillers" and after his death was paid for by defendant. As an accommodation to the Northwest Beverage Company he took eight cases of their goods, to be delivered to their agent at Dickinson. Gannon employed the plaintiff to go with him to act as "hostess." She was a bartender and had served in that capacity at the Prince Hotel in Bismarck. As such she had served Gannon and his guests on several occasions; Gannon knew that she was a barmaid and wanted her to go with him to Dickinson as hostess, offering to pay her expenses on the trip and from there take her to her home at Beulah. The record shows this was the reason she accompanied him.

But the whole theory of the claim for damages is based on the proposition that Gannon was the agent of the defendant and while engaged in the business of his principal invited plaintiff to ride with him as a guest; because of his gross negligence, intoxication and wilful misconduct she was injured; and that the defendant was liable therefor. The amendment to the complaint, the insertion of the phrase "and for the benefit of said defendants" adds an important factor—that of possible employee.

The specifications of error center largely around the claim that the plaintiff was the guest of Gannon and not of the company, that the evidence shows no authority on the part of Gannon to invite her to ride as his guest so as to charge the defendants, that the defendant was not bound by any such act of Gannon, and that the plaintiff was herself

guilty of contributory negligence in riding with him at a time when she knew that he was under the influence of liquor and when she had an opportunity to leave the car before the accident.

There are but two specifications of error with reference to the charge given by the court to the jury. The court charged (spec. No. 5): "Members of the Jury, you will determine first: Whether or not at the time of the alleged accident and injury the said L. P. Gannon was using the automobile in question in his employer's business with its knowledge and consent, and under the direction and control of the employer. If he was not, then in that event you need go no further, and your verdict would be for the defendant for the dismissal of the action. If on the other hand you find that the said L. P. Gannon was at the time in question the agent and servant of the defendant, Oldetyme Distillers, Inc., and you further find that at the time and place of the accident he was acting for his employer's benefit, and within the scope of his employment, and under the direction and control of his employer, then in that event you will take up the other matters involved in this lawsuit."

Again the court charged (spec. No. 6) that the plaintiff could not recover unless the jury found from the evidence: "That at the time of the alleged accident L. P. Gannon was an agent and representative of the Oldetyme Distillers, Inc., and that he was at said time engaged in the business of the defendant, and was acting within the scope of his employment, and in performance of an act for his employer's benefit, and that the said L. P. Gannon was using the automobile in his employer's business with its knowledge and consent, and under its direction and control."

There are other specifications of error dealing with the introduction of testimony, refusal to dismiss the case, the excessiveness of the verdict, and the denial of the motion for judgment notwithstanding the verdict or for a new trial.

In the pleadings and the charge to the jury the guest theory is inextricably mixed with that of employee.

In charging the jury the court stated the issues as set forth in the pleadings and told the jury the first question to determine was whether L. P. Gannon was at the time of such accident a representative of the defendant and was at said time engaged in the business of the defend-

ant; that the master was not liable for negligent acts of his servant or for any injury caused by his negligence unless the employee was engaged in his service and acting within the scope of his employment, using the automobile "in the employer's business with his knowledge and consent, and under his direction and control." The court charged that the fact the employer may not have furnished the car would not in itself relieve the defendant from liability, stating that, "The test of a master's liability is not whether a given act was done during the existence of the servant's employment, but whether such act was done by the servant while engaged in the service of, and while acting for, the master, in the prosecution of the master's business." The court then states what the jury must determine, as set forth in specification of error No. 5.

Chapter 184 of the Session Laws of 1931 is the so-called "Guest Statute" and provides that any person who is a guest of the owner or driver of a car and while so riding in the car as such guest receives an injury, shall have no right of recovery against the "owner or driver or person responsible for the operation of such vehicle." The exception to this is as follows: "Nothing in this Act contained shall be construed as relieving the owner or driver or person responsible for the operation of a vehicle from liability for injury to or death of such guest proximately resulting from the intoxication, wilful misconduct, or gross negligence of such owner, driver or person responsible for the operation of such vehicle, . . ."

Throughout the trial of the case and in the charge the question of the "intoxication, wilful misconduct, or gross negligence" was stressed. Clearly this was on the theory that the plaintiff was riding as a guest. The court thereupon continued his charge to the jury, setting forth this "Guest Statute" and the exceptions to the prohibition of recovery. The term "guest" was defined to the jury and the laws of the road were set forth, presumably in order to throw light upon the "gross negligence" of Gannon. Gross negligence was defined and the court specifically instructed the jury that the plaintiff could not recover for slight or ordinary negligence. The court then charged the jury with reference to the intoxication of the driver and his "wilful misconduct." All this clearly had the "Guest Statute" in mind. But the gross negligence, etc., required to be shown in this case so as to permit plaintiff to recover

as a guest must be the gross negligence of the defendant. Posey v. Krogh, 65 N. D. 490, 497, 259 N. W. 757, 761.

The charge then proceeds to outline the defense of contributory negligence and charged fully in this respect.

The defendant's insistence on the claim that the plaintiff was guilty of contributory negligence is based on her knowledge that Gannon was a drinking man, that during the trip to Dickinson they stopped at various joints and indulged in the use of intoxicating liquors, that when they reached Richardton she knew he was drunk, in fact, she was afraid of his condition and wanted to drive herself, diplomatically suggesting that he had injured his arm in a brawl and that it would be better for her to drive. She admits she complained to him of his excessive speed, reaching seventy-five miles an hour at times. The trip was made in March, she was not warmly clad for the season, she was a long way from home, she was seeking employment, and we cannot say as a matter of law that her failure to leave the car at Hebron or at Richardton was in itself such negligence on her part as to preclude recovery. The court submitted that matter properly to the jury, and it was a matter for the jury to determine.

The portion of the charge set forth in specification of error No. 6 was then given the jury and the court followed this by showing that the plaintiff must also show that "Gannon was guilty of wilful misconduct, intoxication or gross negligence as defined in these instructions;" that she was not guilty of contributory negligence; that she suffered an accident and the amount of her damage. The charge is continued by stating what the jury may take into consideration in determining "gross negligence, intoxication or wilful misconduct" and sums up the issues by stating: "If you find from the evidence, by a preponderance thereof, that the accident did proximately result from the gross negligence, intoxication or wilful misconduct of the operator of the car, and you further find that he was at that time an agent and representative of the Oldetyme Distillers, Inc., and that he was at that time engaged in the business of the defendant, and was acting within the scope of his employment, and in performance of an act for his employer's benefit, and was using the car in his employer's business with its knowledge and consent, and under its direction and control, and you further find that the plaintiff herself was not guilty of contributory negligence, then

in that event your verdict will be for the plaintiff, and it will then be your duty to assess the damages."

It must be clear, therefore, that the guest theory was uppermost in the mind of plaintiff, but there was also evidence introduced and charge given upon which the theory of employee could have been predicated.

We are satisfied there was sufficient evidence to go to the jury to determine whether Gannon was the actual agent of the defendant. The defendant offered no testimony on this point. If Gannon was not the actual agent of the defendant, it was a matter in which the defendant was peculiarly fitted to know. Other than a general denial in the answer, there is nothing to indicate that the defendant did not employ Gannon in some capacity. This observation applies equally well to the scope of the authority of the agent. Certainly the defendant would know the extent of the authority extended to its own agent. This evidence was within its own keeping. Not being forthcoming at the trial, the jury was justified in presuming "That evidence willfully suppressed would be adverse if produced," which is one of the presumptions in § 7936 of the Compiled Laws stated to be "satisfactory, if uncontradicted."

The plaintiff relies upon this actual agency in her attempt to recover on the theory that she was a guest of the defendant. Her whole case is based upon actual agency. She had no dealings with the defendant, nor does she claim she dealt with Gannon as agent because of any act, conduct, or word of the defendant.

To constitute an actual agency the agent must be really employed by the principal (Comp. Laws, § 6323), and in such case such agent has such authority as the "principal intentionally confers . . . or intentionally or by want of ordinary care allows the agent to believe himself to possess." Comp. Laws, § 6337.

There is no claim by the plaintiff that the defendant by intention or by the want of ordinary care caused her to believe that the agent possessed any authority to employ a "hostess" at the opening of a saloon not owned or managed by the defendant. The claim of the plaintiff is that Gannon told her he was going to Dickinson to the opening of a saloon; that he was taking intoxicating liquors there to be given to the patrons as a gift, and one of her witnesses testified that Gannon

said he was doing this in order to see whether he could get some business for himself.

"An agent has authority:

"1. To do everything necessary or proper and useful in the ordinary course of business for effecting the purpose of his agency; . . ." Comp. Laws, § 6340.

There being evidence to show Gannon was an agent of the defendant, and the defendant not showing any limitation on this scope of the authority of this agent, it is clear that this quotation from § 6340 of the Compiled Laws is controlling.

Clearly Gannon, even though a general agent of the defendant, had no implied authority to invite a guest to ride with him so as to bind his principal to the result of his own gross negligence. Erickson v. Foley, 65 N. D. 737, 262 N. W. 177. This certainly would not be in the furtherance of his business. It might be in furtherance of his business to hire employees, but in the absence of any testimony as to the scope of his authority, it is clear that as a guest the plaintiff could not recover against the defendant.

The record is wholly silent as to the authority of Gannon to hire employees. The scope of his agency is not shown. Plaintiff relies upon the actual agency and the record shows no relationship whatever between the defendant and this saloon opening at Dickinson. The whole trend of the evidence is that, hearing there was to be such a place opened to the general public, Gannon decided to attend, take whiskey with him in the hope he could get business, and had the plaintiff go with him to serve out the drinks and entertain those who drank. Neither Gannon nor defendant had any financial or other interest in ·the place so far as the record shows, nor is there anything to show defendant knew anything of such practice on the part of Gannon.

While the complaint alleges that the plaintiff was taking this trip "for the benefit of said defendants" and there is evidence to show that Gannon was a general agent of the defendant, and as such had hired the plaintiff to go to Dickinson, the question of being injured as an employee was not submitted specifically to the jury though the quotations from the charge, set forth in specifications of error Nos. 5 and 6, indicate that the court charged the plaintiff could recover if her inju-

ries were received while Gannon was engaged in the business of his principal.

Plaintiff was riding with Gannon either as his guest or as an employee of the defendant. If the guest of Gannon, she cannot recover from the defendant under the evidence adduced here. If an employee of the defendant and at that time engaged in the service of the defendant and the injuries were inflicted by a superior who was the general agent of the defendant, and at a time when he was acting for the defendant, the plaintiff might have a cause of action against the defendant provided she showed that Gannon was acting within the scope of his employment and was authorized to employ help; but if she was the guest of Gannon at that time she could not recover. It was clear from the charge that the jury was instructed that even though a guest, she might recover against the defendant if Gannon was acting as set forth in specifications Nos. 5 and 6. Where the evidence is sufficient to sustain a verdict on one of two distinct, inconsistent theories, but insufficient to sustain it on the other, "and it is impossible to say on which theory the jury found, though no exception is taken in the instructions under which the question is submitted," the verdict will be set aside and a new trial granted "when the sufficiency of the evidence has been challenged by motion for directed verdict," as was done in this case. See McLeod v. Simon, 51 N. D. 533, 200 N. W. 790; Emanuel v. Engst, 54 N. D. 141, 152, 208 N. W. 840; Black v. Smith, 58 N. D. 109, 224 N. W. 915.

While no objection is taken to the charge in those extensive features which dealt with a duty toward a guest, it is quite clear that the jury might have found for the plaintiff on the theory that she was a guest of the defendant and not of Gannon and because of the gross negligence, wilful misconduct, and intoxication of Gannon, the agent, was injured so that as a guest she might recover. If the case stood alone on the theory of guest, we would order judgment for the defendant for the dismissal of the case.

If Gannon was the agent of the defendant, engaged in the business of the defendant at the time of the accident, acting within the scope of his employment, and in the performance of an act for his employer's benefit and under the direction and control of the employer so that he was authorized to employ barmaids, then plaintiff was employed by defend-

ant. There is no question but what the plaintiff was with Gannon on the trip for that purpose and that she was severely injured in the accident, which clearly was caused by the intoxication and gross negligence of Gannon. There was no proof that Gannon was authorized to go around the country and attend openings of saloons and had any authority to employ the plaintiff for such purposes. It is quite possible the plaintiff may be able to supply this link in the chain of evidence, and while it is necessary to reverse the judgment because of the total lack of proof on an important feature, a new trial will be granted because of the possibility of supplying the needed evidence. See Bakke v. Nelson, 68 N. D. 66, 276 N. W. 914. The order is reversed and a new trial granted.

NUESSLE, Ch. J., and CHRISTIANSON and MORRIS, JJ., and ENGLERT, Dist. J., concur.

Mr. Justice BURKE did not participate, HON. M. J. ENGLERT, Judge of the First Judicial District, sitting in his stead.

BURR, J. (on rehearing). Plaintiff filed a most earnest and exhaustive petition for rehearing, which petition was granted. Therein it is claimed the court did not dispose of any issue which might arise under the alleged prior knowledge of the defendant, the principal, as to the accounts, habits, and conduct of its agent; the issue of alleged ratification of the employee's actions; the liability of the owner of the car for the wanton conduct of its agent with reference to a guest; the right to recover under different theories; and the nature of the agency of Gannon. She also asks that the court make a pronouncement with reference to the costs upon this appeal.

Many of the so-called issues raised by the plaintiff on this petition for rehearing and so carefully and industriously reviewed by her counsel disappear when we take the case as it actually exists.

In our decision we hold that there was sufficient evidence to justify the theory that Gannon was the general agent of the defendant company even though there was an absence of testimony to show any scope of authority outside of the scope as defined by the statute. Assuming, therefore, that Gannon was the general agent of the defendant, it is

very clear from the complaint, the process of examination of witnesses, and the other indicia supplied by the trial, the fundamental idea of the plaintiff in this case was that plaintiff was riding with Gannon as a guest of the defendant and that she was entitled to recover under the "Guest Statute." It is clear the complaint was drafted on this theory and it was the sole theory at that time. It was not until the case came on for trial there was injected into the pleadings any suggestion of agency on the part of the plaintiff caused by an employment of her made by the defendant's agent. Plaintiff argues strenuously that there is ample evidence to justify a verdict on the theory that the plaintiff was in fact an employee of the defendant through the action of its general agent, and that in such case the employer, knowing the habits and the conduct of Gannon and aware of the fact "that he was using automobiles in the company's business" and that he had a wide range of authority, "was grossly guilty at all times of gross negligence in permitting him to continue to represent it with possession of such broad authority as he possessed." If this be a correct interpretation of the effect of the amendment, then we have a second theory in the case, the theory of employment.

Plaintiff also urges that defendant knew its agent had become incompetent; that he was drinking too much; that he had a great capacity to do wrong; that he had become dangerous; that when this knowledge was acquired it became its duty to immediately discharge him, and not having done so, "any torts he committed in the course of his employment after that knowledge became the risk of his employers."

The complaint charges that the plaintiff was "lawfully riding as a guest and passenger in the said automobile at the invitation and request of the said defendants, by their said agent and employee; . . . and for the benefit of said defendants," by their agent and employee who operated the automobile in a grossly negligent manner; that "the plaintiff while riding as a guest in the said automobile aforesaid exercised due care for her own safety; . . . and the plaintiff's said injuries were sustained solely by and through, and proximately resulted from the gross negligence, intoxication, and wilful misconduct of the defendants herein, by their said agent, servant, and employee, as aforesaid."

The complaint nowhere alleges that the defendant authorized its

agent to extend the courtesy of transportation to a guest, or knew that he was doing so; nor does it set forth any fact which shows that the defendant knew its agent was in the habit of becoming intoxicated, was in the habit of being grossly negligent, etc. Nor is there anything to show knowledge of any wanton act on his part. It is true the complaint says in various places that the defendants, by their agent, were grossly negligent, and that her injuries came from the gross negligence of the defendants "by their said agent, servant and employee." The introduction of the suggestion of the status of the plaintiff as an employee does not alter or in any way affect the allegations with reference to her as a guest.

Large portions of the petition and briefs thereon are devoted to attack on the doctrine that an agent as such has no authority to transport a guest so as to bind his principal for his torts toward the guest, and respondent urges that if this rule obtains,

"It might well be to inquire further and to ask under what circumstances a corporation could be held liable for injuries to a guest.

.   .   .   .   .   .   .   .   .   .   .   .   .

"It follows, . . . that if the court reasons that such a general agent does not have authority to transport guests, as was the practice that was established in this case, then no superior officer could give him authority."

No decision of this court goes to the extent of saying a principal never could be held liable for injuries to its guest. No such question is involved here. Neither is the question of ratification, for ratification is not pleaded.

In our decision we hold that an agent has no implied authority as such to invite a guest to ride in a motor vehicle in his charge so as to bind his principal. Something more than the general statutory authority of a general agent must be shown in this respect; and under the evidence in this case the plaintiff cannot recover on the theory that she was the guest of the defendant. We have left open the question of whether she could recover as an employee and have indicated the possibility of the plaintiff being able to supplement the proof of the statutory general agency of Gannon with proof showing that as the actual agent he had authority to employ.

As a matter of fact, the case was submitted to the jury almost entire-

ly under the theory of a guest, and it could well be held the jury determined she was a guest and as a guest was entitled to recover from the plaintiff. Indeed, the whole trend of the case points strongly in that direction.

A general agent, merely from agency, has no authority to invite a guest to ride so as to bind his employer for his torts, and if the plaintiff is to recover on that phase of the case, then she must show he had authority to invite guests to ride with him, and if the amendment injected the theory of employee, then clearly it is the rule "that, where an issue is raised by the pleadings and no testimony is adduced concerning it which would support a verdict in favor of the party having the burden of proof, it is error to submit such issue to the jury. Where such an issue has been submitted along with other issues that are within the evidence and a general verdict rendered, it being impossible to say in the absence of a special finding upon what issue the jury based its verdict, the judgment cannot stand and a new trial must be ordered. McLeod v. Simon, 51 N. D. 533, 200 N. W. 790; 38 Cyc. 1612, 1623, 1624." Black v. Smith, 58 N. D. 109, 125, 224 N. W. 915, 922. See also School Dist. v. Shinn, 64 N. D. 20, 30, 250 N. W. 23, 27.

Respondent argues:

"It is perhaps true that the strict guest theory is inconsistent with the theory that Mrs. Bentley may have been in the capacity of a sort of employee or was doing something in the furtherance of the employer's business. It is true also that the court instructed only on the guest theory, although an instruction was requested on the other theory as the record shows.

"However, this is true—we believe that we have shown from the foregoing that the plaintiff is entitled to recover under the guest theory if she is deemed a guest."

In the charge to the jury the court dwells specifically upon the guest theory. The court, in summing up the pleadings, shows that the plaintiff claimed that Gannon was the agent of the defendant engaged in the transacting of the business of the defendant, was then and there in the course and scope of his employment; that the plaintiff was lawfully riding as a guest and passenger at the invitation and request of the defendants by their said agent and employee; that their employee at that time was operating the car for the benefit of the defendants and

while this was the situation she was injured. This is certainly a statement solely with reference to the "guest" theory. The refusal of the court to give a requested instruction on any other theory is not involved here for it is not one of the specifications of error.

The specifications of error, among other things, claim a failure of proof to show any gross or ordinary negligence on the part of the defendant in this case; that no negligence on the part of the defendant is shown to have caused any injury: "The evidence shows conclusively that the plaintiff was riding as a guest of L. P. Gannon at the time the accident involved in the action in which the plaintiff claims to have sustained injuries occurred, upon the invitation of the said Gannon and not upon the invitation of the defendant . . . ;" further, that "the evidence wholly fails to show any authority on the part of L. P. Gannon to extend an invitation to the plaintiff on behalf of the defendant . . . to ride as a guest either of the said L. P. Gannon or the defendant . . . or to carry the plaintiff as a guest either of said L. P. Gannon or of said Oldetyme Distillers, Inc."

These specifications of error are correct. The defendant may have known that Gannon was a drinking man and in the habit of drinking while engaged in the defendant's business. Unless, however, authority on the part of the agent to convey a person as a guest of the defendant is shown, it is immaterial whether he was drunk or sober. His condition would have some bearing upon his negligence; but it does not supply the lack of proof to show authority of an agent to bind the principal for his torts to his own guest.

Appellant urges that as a matter of fact there are no two theories in this case, that there is only one and that is whether the plaintiff may recover from the defendant under the "Guest Statute." We believe the plaintiff is entitled to a more liberal interpretation so that whatever rights she may be able to show she has against the defendant may be determined. On the theory of a possibility to supplement the testimony regarding the powers of the defendant's agent, we ordered a new trial rather than having judgment entered for the defendant. This is in accordance with the elements of justice.

It being impossible to say under what theory the jury gave the plaintiff a judgment, and in the light of the rule set forth in the Black Case

cited and in the cases set forth in the main opinion, the verdict cannot stand.

This court, in permitting a new trial on the theory that it was possible for the plaintiff to show that as an employee she might have a cause of action against the defendant is, we believe, in the interests of justice toward the respondent. She was injured, and if she has a cause of action against the defendant she is entitled to an opportunity to present it. The decision in this case does not prevent her, on a new trial, from showing that even as a guest she was in fact a guest of the defendant; that the defendant knew at that time the total unreliability of Gannon (if this can be shown); and that the defendant, by its actions, placed itself in such position that it was liable to the plaintiff for wanton conduct. She has not done so in this case as presented here. On this feature alone the defendant would be entitled to a dismissal of the action; hence, the granting of the new trial rather than the dismissal of the action is in favor of the plaintiff herself. She has an opportunity to present evidence on either theory.

The plea as to the costs on this appeal deserves consideration. Plaintiff says: "We submit that, in view of the fact that this case is sent back principally because of the failure of the District Court to submit the case on the issue of whether or not the plaintiff was a person other than a guest (when a request for such instruction was in fact made by the plaintiff), it is an error that should not properly be charged to the respondent. Should the court adhere to its former opinion and return the case for a new trial, we believe that the costs in this appeal should abide the final outcome of the case."

Under the facts and circumstances of this case we agree with this theory, and, therefore, the costs on this appeal will abide the final outcome of the new trial.

The decision on this appeal, as heretofore entered, will stand.

NUESSLE, Ch. J., and MORRIS and CHRISTIANSON, JJ., and ENGLERT, Dist. J., concur.