**Martha B. WHELAN, Petitioner and Respondent,**

v.

**Henry J. BURRIS, Thomas Burris, Francis Albert Burris, William Burris, Wallace J. Burris, Sterling A. Walker, Special Administrator of the Estate of Leo Burris, Deceased, Mildred McCann, Gertrude Narloch, Loren Burris, Gerald Burris and Henry Burris, St. Marks Church of Conway, North Dakota, Respondents and Appellants.**

No. 7652.

Supreme Court of North Dakota.

May 14, 1957.

Day, Stokes, Vaaler & Gillig, Grand Forks, F. Lorene Whitesides, Park River, for appellants.

Philip R. Bangs, Grand Forks, for respondent.

GRIMSON, Chief Justice.

This case is before this court a second time. This time it is upon appeal from the order of the district court granting the petitioner a new trial. The case involves the contest of a will. The petitioner filed the will of her father, Henry Burris, in the county court of Grand Forks County and petitioned for its probate. In that will petitioner was the sole beneficiary except for a small bequest to a church. Her brother, Leo Burris, on behalf of himself and their six brothers and the children of two deceased brothers filed objections to the probate stating that Henry Burris at the time of the execution of the will was over 90 years of age, impaired mentally and physically; that during the last year or more of his life he had been under the care and custody of the petitioner; that she attempted to isolate him from his sons; that she had used undue influence on him to make his will in her

favor so that it was not his free and voluntary act. The contestant prays that probate of the will be denied. Petitioner filed an answer denying all the charges of undue influence.

Hearing was had before the county judge who found for the petitioner and admitted the will to probate.

An appeal was taken to the district court of Grand Forks County, and tried to a jury. After a twelve day trial the jury brought in a verdict that the will of Henry Burris "is not a valid will."

Prior to the submission of the case to the jury the petitioner had moved for a directed verdict on the grounds that the will was properly and legally executed and that there was no evidence of undue influence in connection with the execution of the will. That motion was objected to and denied.

After the verdict was received the petitioner moved for judgment notwithstanding the verdict or, in lieu thereof, for a new trial on the grounds alleged in her motion for a directed verdict and further, "that the court erred in submitting to the jury the question of the validity of the will on account of its being signed by a mark" and also "that the court erred in submitting to the jury two forms of general verdict, namely; that the will is a valid will; or that the will is not a valid will." In a further elaboration of the motion the specifications stated:

"Under the court's instructions the jury was instructed that there was more than one theory upon which they might find the will to be invalid, namely, upon the theory that the will was not properly executed by the testator by mark, or that the will was invalid on account of undue influence. There is no way to determine upon which theory the jury found that the will was invalid. It is impossible to say upon which theory of the case the jury returned the verdict complained

of * * * the former being a question of law and there being no sufficient evidence to sustain the latter."

The District Court granted the motion for a judgment notwithstanding the verdict on the ground that as a matter of law the will of the testator was valid and that the proponent's motion for a directed verdict made at the close of the testimony should have been granted. The court then ordered the judgment, entered upon the jury verdict, set aside. From that order an appeal was taken to this court.

This court on that appeal found that the will was duly executed and that "the only issue submitted to the jury by the trial court was therefore whether or not the will of Henry Burris was the result of undue influence exerted upon him by Martha B. Whelan, the sole beneficiary thereunder." On that issue this court found that the evidence sustained the verdict of the jury. The judgment of the district court was reversed and the judgment of the jury was ordered reinstated. In re Burris' Estate, N.D., 72 N.W.2d 884, 889.

On a petition for a rehearing this court granted the petitioner leave to renew in the District Court her motion for a new trial which had been made in connection with the motion for judgment notwithstanding to be used if that motion was not granted. The alleged errors argued in support of the motion for a new trial were those included in the specifications of error on the motion for judgment notwithstanding the verdict as hereinbefore set out.

The district court on that argument granted a new trial and ordered, "That the verdict and judgment rendered herein be set aside and a new trial granted, costs to abide the event of the action, on the ground that the court erred in the submission of the case to the jury for a general verdict on two different issues, one of which was erroneous." From that order this appeal is taken.

The only questions for this court now are whether the case was originally actually submitted by the court for decision on two grounds, and if so, whether that constituted error under the facts in this case. To decide that we must consider carefully the record in the case.

In the pleadings the petitioner merely presents the will and asks for its admission to probate. The respondents filed objections that on account of the undue influence of the petitioner the "will was not his free and voluntary act, and that had he been free from said influence of appellant, (the petitioner), he would not have made the will in question." They pray that the probate be denied on that ground. No issue was raised by the contestants as to the execution of the will.

During the petitioner's presentation of the evidence in the case at bar it appeared that the testator signed the will by mark. The question was raised whether he could not have signed his name. There was no dispute in the evidence presented upon that matter or on the proper execution of the will. That became entirely a question of law as we held in the former opinion. Motion was made at the close of testimony to leave that question for determination by the court but was withdrawn. That would have been passed upon by the court if it had been given the opportunity. Since that side issue was allowed to remain in the case the court had to give a pro forma instruction on the matter.

The court instructed the jury that the material allegations of the petition must be established by the petitioner by a fair preponderance of the evidence. It then enumerated these material allegations and instructed the jury on the law defining "'mark' as a part of the 'signature' or 'subscription'" and, without comment, briefly sets forth the contents of the statutes governing the execution and attestation of the will.

Then the instructions go on to state that the claim of the contestants is that the petitioner exercised undue influence upon the testator and that the burden of proof is upon the contestants to prove such undue influence by a fair preponderance of the evidence. Then the court proceeded to give very complete instructions upon undue influence.

It is claimed by the petitioner that the matter of proper execution of the will and undue influence constituted two issues that were submitted to the jury and the jury's general verdict did not indicate on which ground it was based and that, therefore, the new trial must be had. Several cases were cited by the petitioners supporting that principle. Examination of these cases, however, shows those cases were fully submitted to the jury with sufficient evidence and complete, impartial instructions on both issues. Dubs v. Northern Pacific Railway Co., 50 N.D. 163, 165, 195 N.W. 157; McLeod v. Simon, 51 N.D. 553, 200 N.W. 790; Black v. Smith, 58 N.D. 109, 125, 224 N.W. 915, 922; Bentley v. Oldetyme Distillers Inc., 69 N.D. 587, 289 N.W. 92.

In the case at bar the district court clearly indicated in the instructions that undue influence was the question of fact for the jury to decide. At the beginning of the instructions on undue influence the court said:

"The question for the jury to decide in this case is this: Was the testator, Henry Burris, at the time of the making of the will involved in this case, free from undue influence? Did he make and execute the alleged will in all its provisions of his own free will and volition so that it now expresses his own wishes and intentions, or was he constrained or coerced through the undue influence, restraint or coercion of Martha B. Whelan in making his will to act against his own desire and intention as regards the disposition of his property or any part of it? Did he at the time that he signed the alleged will and executed

the same know what it contained, and did he intend that which the said will did with the property disposed of by him by means of the will?"

Following this quotation are several pages of instructions upon the law of undue influence without mentioning any other issue in the case. That clearly indicated to the jury what the court considered the jury had to pass upon. Further on in the charge the court said:

"The court instructs the jury that when a will is contested on the ground of undue influence the issue is as to the operation and effect of the undue influence at the particular time of the execution of the will. It is not material when the undue influence was exercised, if it was present and operating on the mind of the testator at the time the will was executed. Moreover, it may be found that the person exercised undue influence upon a testator by dominating his mind even though such person was not present when the will was made."

This instruction meets the situation shown in the evidence that the will was drawn by a good attorney in the presence of another attorney, a doctor and a friend but in the absence of the petitioner, except that she was eavesdropping outside the door to the room in which the will was being drawn. This would indicate to a jury that a will might be the result of undue influence no matter how carefully the will was executed. The court carefully instructed the jury on the evidence as it bore on undue influence and actually pointed out that that was the issue for them to decide.

Practically all the evidence offered bore on the question of undue influence. That evidence is largely quoted in the original opinion in this case to which we refer. See 72 N.W.2d pages 889 to and including, 898. That shows what the parties themselves believed the real issue in the case to be and why the court so completely instructed on undue influence. The verdict rendered was in accord with the instructions and the evidence, even if the case was technically submitted to the jury on two issues the effect of the instructions and the evidence was such that the jury could pass only on one issue, the undue influence.

Considering the pleadings, the evidence, the instructions to the jury and our former holding in this matter we are convinced that there was in effect only one issue for the jury to pass upon, namely, undue influence. The jury could not have been misled and the verdict is clearly based on that ground. That was in effect our holding in the former case and we find no convincing reasons why that should be changed.

The order of the district court granting a new trial was error and is therefore reversed.

SATHRE and JOHNSON, JJ., concur.

BURKE, Judge (concurring specially).

In this case two questions of fact were submitted to the jury. The first was whether the testator was physically able to sign his name at the time of the execution of his will. This question was material because the testator's signature to the will was by mark and a subscription by mark is by statute (NDRC 1–0149, subd. 4) permissible only when the signer is unable to write. The second question was whether the will was invalid because of undue influence.

Upon the first appeal of this case we held that the evidence established that the will had been validly executed as a matter of law but that the question of whether the testator had been under undue influence at the time of its execution was one for the jury. The jury found the will was invalid. The trial court granted judgment notwithstanding the verdict. We reversed

this judgment and directed the entry of judgment in accordance with the verdict.

The proponents of the will then moved for a new trial upon the ground that it had been error for trial judge to submit to the jury the question of the proper execution of the will and that it was impossible to determine whether the jury had held the will invalid upon that issue or upon the issue of undue influence. The trial court granted the motion and this appeal is from the order granting a new trial.

The rule relied on by proponents is stated in Bentley v. Oldetyme Distillers, 69 N.D. 587, 595, 289 N.W. 92, 97, as follows:

"Where the evidence is sufficient to sustain a verdict on one of two distinct, inconsistent theories, but insufficient to sustain it on the other, 'and it is impossible to say on which theory the jury found, * * *' the verdict will be set aside and a new trial granted 'when the sufficiency of the evidence has been challenged by motion for a directed verdict'."

There are three conditions necessary to make the foregoing rule applicable:

1. The case must be submitted to the jury upon two distinct theories;

2. The evidence must be sufficient to sustain the verdict upon one of the theories submitted and not upon the other; and,

3. It must be impossible to determine upon which theory the verdict was founded.

In this case the first two of these conditions are met but in my opinion the third is not. In other words, I believe, it is possible to say with reasonable certainty upon which theory the jury rendered its verdict.

Only two witnesses testified as to the ability of the testator to sign his name on the day the will was executed. They were W. T. DePuy, an attorney, and Dr. Richard Leigh, a physician. Both were disinterested witnesses. Their testimony was to the effect that the testator, over 90 years of age, was paralyzed on his left side and that he had tremor in his right arm which made it impossible for him to write. They were both present at the time the will was signed. There is no testimony or evidence that the testator was able to sign his name at that time. On this question the trial judge merely charged: "The court instructs the jury that the signature of Henry Burris to the alleged will has been made by what is known as his 'mark'. The statutes of this state provide that signature or 'subscription' shall include 'mark' when the person cannot write, his name being written near it and written by some person who writes his own name as a witness." This is the complete instruction upon signature or subscription. It did not specifically inform the jury that they might find the will was invalid, if they found that the testator was able to write his name at the time he signed by mark. Furthermore all of the emphasis throughout the trial was upon the question of undue influence. It was the only ground of invalidity which the protestants raised in their pleadings. More than 90% of the evidence taken at the trial related to this question and the trial judge in his instructions emphasized the issue by prefacing his instructions thereon by the statement: "The question for the jury to decide in this case is this: Was the testator, Henry Burris, at the time of making the will involved in this case, free from undue influence?"

In view of all these circumstances the only conclusion I can reach is the jury did decide the case upon the ground upon which the evidence was sufficient, namely the ground of undue influence. The order granting a new trial should therefore be reversed.

MORRIS, Judge (dissenting).

At the close of the contestants' case the attorney for the proponent made the following motion:

"At this time, on behalf of Martha Whelan, I make a motion for a direct-

ed verdict in her favor that the appeal be dismissed, that the execution of the will of the testator be declared valid, and that the will be declared to be the legal, valid will of the testator, on the grounds and for the reasons that there is not sufficient evidence to support any verdict or findings of improper execution of the will or undue influence in the making of the will."

This motion was resisted by the contestants and denied by the court. The attorney for the contestants then said:

"We wish to make a motion at this time, your honor. At this time the contestants make a motion that the court direct a verdict in their favor on the grounds that this is not the will of Henry Burris, for the reason that it was not executed according to the law of the state of North Dakota, in that it was not signed by Henry Burris, and the evidence is undisputed in this case that Henry Burris could write, was not a man that could not write; and the evidence is undisputed that he was not in any particular ill health on the 22nd day of November, and the doctor testified that it would not have harmed him in any way to have him write his name on that day. And the evidence is undisputed that in April, 1951, six months later, he did write his name to the extent that it was recognizable and accepted by the attorney, W. T. Depuy, as his signature as of that time. And for that reason, this will not having been executed according to the law of the State of North Dakota, the contestants are entitled to a directed verdict of this court holding that this is not the will of Henry Burris."

The attorney for Martha Whelan then asked the court to take the case from the jury since both parties had asked for directed verdicts, whereupon the attorney for contestants said:

"We have not made a motion for directed verdict on the issue of undue influence. We have made it only on the matter of the execution of the will."

A recess was taken and on the resumption of the consideration of the matter the attorney for the proponent asked the court that the issue of execution of the will be withdrawn from the jury and that the court decide whether or not the will was properly executed. The attorney for the contestants said:

"We ask that that issue also be submitted to the jury on the ground that the question of his ability to write on the 22nd of November would be a question of fact for the jury."

The court reserved his ruling and proceeded with the trial of the case before the jury.

At the close of all the evidence the attorney for the proponent renewed his motion made at the close of the contestants' case. The attorney for the contestants asked the privilege of renewing his former motion for a directed verdict conditionally, saying:

"And I am asking—the only motion that we would make, and that would reserve the right, if our motion was denied, to have the issue of Henry Burris' ability to write as a question for the jury, if the court denied our motion. But if the court does not recognize our right to reserve that, then we are not making any motion at this time."

The court refused to permit the contestants to move for a directed verdict and at the same time reserve the right to have the question of execution of the will submitted to the jury if that motion was denied, saying:

"if then the defendants or contestants make a motion on any essential

part of the issues of the case, that that issue will be taken from the consideration of the jury and decided by the court."

The attorney for the contestants then said: "We make no motions."

The attorney for the proponent stated:

"At this time then the plaintiff, Martha Whelan, objects to the submission to the jury of the question with respect to the due and proper execution of the will, on the grounds and for the reasons that under the evidence in this case that it has become entirely a question of law, and that question, and no phase of that question should be submitted to the jury for determination."

To which the court replied: "I am going to deny the motion." and proceeded to instruct the jury.

In his instructions the court said:

"The burden of proof is on the proponent of said will to establish by a fair preponderance of the evidence all the material allegations of her petition.

"The court instructs the jury that the material allegations of her petition which the petitioner must establish by a fair preponderance of the evidence before said alleged will can be be proved and allowed for probate are: * * * ."

The court then stated ten allegations which the proponent must establish, among them being:

"4. That the said Henry Burris, on or about the 22nd day of November, 1950, executed a written document, which is proponent's exhibit 2 in this case, which written document purports to be his last will and testament.

"5. That said Henry Burris, the alleged testator, signed the said docu-ment, proponent's exhibit 2, in the presence of attesting witnesses."

After stating the ten allegations the court continued:

"The court instructs the jury that the signature of Henry Burris to the alleged will has been made by what is known as his 'mark'. The statutes of this state provide that 'signature' or 'subscription' shall include 'mark' when the person cannot write, his name being written near it and written by a person who writes his own name as a witness."

Following this the court gave to the jury in substance the statutory provisions for the execution and attestation of wills. After completing that part of his instructions to the jury the court proceeded to instruct on the question of undue influence as outlined in the majority opinion.

The record indicates that in the minds of the attorneys and the court the execution of the will was an issue in the case. The point of disagreement was whether the question of execution should be resolved by the court or by the jury. The court submitted that question to the jury along with the issue of undue influence. The jury returned a general verdict that the will of Henry Burris "is not a valid will." On the former appeal of this case we determined that the signature of the testator by mark was sufficient to comply with the requirement of our statutes and we expressed the opinion that in other respects the execution of the will met the requirements of Section 56-0302, NDRC 1943 providing how wills must be executed and attested. It follows therefore that there was no question to be submitted to the jury with respect to the execution of the will and the submission of that question by the trial court was erroneous.

On the other issue, that of undue influence, we found the evidence sufficient to sustain the verdict of the jury that the will was invalid. In re Burris' Estate, N.D., 72 N.W.2d 884.

In Bentley v. Oldetyme Distillers, 69 N.D. 587, 289 N.W. 92, paragraph 2 of the syllabus, we said:

"When the sufficiency of the evidence has been challenged by motion for a directed verdict, a new trial should be granted on that ground where the evidence and the charge to the jury disclose two distinct inconsistent theories, the evidence being sufficient to indicate a right of recovery on the one but not on the other, and it is impossible to say on which theory the jury found, though no exception is taken to the instructions under which the cause is submitted."

See also Black v. Smith, 58 N.D. 109, 224 N.W. 915; McLeod v. Simon, 51 N.D. 533, 200 N.W. 790.

In Cavallero v. Travelers Insurance Co. of Hartford, Conn., 197 Minn. 417, 267 N.W. 370, the same general rule is stated thus:

"Where two or more material issues are submitted to the jury and a general verdict returned, and one issue so submitted is not sustained by any evidence, there must be a new trial unless it conclusively appears that the party in whose favor the verdict was obtained was entitled thereto as a matter of law on one or more other issues submitted."

The applicability of this rule to a case such as the one before us is illustrated by In re Overpeck's Will, 144 Iowa 400, 120 N.W. 1044, 122 N.W. 928. This was a will contest case involving the questions of the testatrix's mental capacity and undue influence. The evidence was sufficient to warrant the submission to the jury of the question of capacity but was insufficient to warrant the submission of the question of undue influence. The jury found for the contestants. The Iowa Supreme Court in reversing a judgment based on that verdict said [120 N.W. 1046]:

"If there had been a special finding of want of mental capacity, we might say that the error in submitting the issue as to undue influence was without prejudice. In re Estate of Wharton, 132 Iowa 714, 109 N.W. 492; In re Will of Selleck, 125 Iowa 678, 101 N.W. 453. But in the absence of such finding, we are unable to infer that the verdict for contestants was based upon the evidence of want of mental capacity, which was properly submitted to the jury's determination, rather than upon the issue as to undue influence, of which there was no evidence to support a finding for contestants."

This is an appeal from an order granting a new trial. In a memorandum opinion the trial court gave his reason for the order as follows:

"It is apparent from the review of the record in the case as contained in the lengthy transcript that the court erred in the submission of the case to the jury for a general verdict on two different issues."

I agree with the trial court. The two issues, whether the will was executed in compliance with statutory requirements and if so executed whether its execution was obtained by undue influence, were submitted to the jury. The evidence was insufficient to sustain the verdict on the ground of nonexecution. It was sufficient to sustain the verdict on the ground that the execution of the will had been procured by undue influence. The verdict being a general one and it being impossible to ascertain upon which issue the jury rested its verdict, the order granting a new trial should be affirmed.